CHARLES JACKSON, by his Guardian, &c. *v.* JOHN ORSER, Sheriff, &c.

In an action against the sheriff for an escape, the proof was that J. G. W., the defendant in the execution, was, in January, 1854, captain of the ship Hudson, and that one W., acting as captain of that ship, went beyond the jail limits in March following. *Held*, that the similarity of surname and of office was sufficient *prima facie* evidence to sustain the action, although the witness to the escape could not identify W. as the defendant in the execution, and did not know his christian name.

The plaintiff having made out a *prima facie* case, and there being no evidence in rebuttal, *held*, error to charge the jury that the plaintiff was bound to produce clear and positive proof, and if there was any doubt the presumption should be against the plaintiff.

What is sufficient proof of identity, considered; and the cases upon this subject collected and examined.

APPEAL, by defendant, from an order granting a new trial. This was an action against the defendant as sheriff of the city of New York, to recover damages for an alleged escape of a prisoner. The complaint alleged the recovery of a judgment by the plaintiff against one Joseph G. White, the issuing of an execution against property thereon and its return unsatisfied, the issuing of an execution against the person of Joseph G. White, his arrest by the defendant (the sheriff) under such execution, and his subsequent escape. The cause was tried before Judge DALY and a jury. The plaintiff proved that Joseph G. White. was captain of the ship Hudson in January, 1854, when the judg-

ment against him was recovered, and then called a witness, who testified that, on the 19th day of March, 1854, he went on the steamboat Hector, which took out the ship Hudson from the port of New York, about three miles beyond Sandy Hook; that they went outside and beyond a line drawn from Red Hook to the Jersey shore, including Nutten Island, Bedlow's Island, and Bucking Island; that they went out to sea, two or three miles beyond that line; when the tow-boat was towing out the ship, he heard the captain of the tow-boat call to a person on board of the ship, who answered to the name of Captain White, and he replied to that address; when the steamboat left, the person so addressed gave the second officer of the ship directions as to what sails to let loose; the witness had never seen the man they called captain before; he saw him from a quarter past 6 o'clock until after dinner; as the captain of the tow-boat was leaving the ship, he said "Good-by, Captain White;" the person so addressed acted as captain of the ship Hudson, and gave orders to the second mate, and those orders were obeyed; the same man continued on board the ship Hudson until the steamboat left her, and then remained on board the same vessel.

This was all the evidence offered to prove an escape. The defendant offered no affirmative evidence; but moved for a nonsuit, which was denied, and the cause was submitted to the jury by the judge, with the instruction that it was for them to decide upon the evidence whether the captain of the ship Hudson, who went to sea and beyond the limits, was Joseph G. White, the defendant in the execution. Defendant's counsel then requested the judge to charge, that this was an action in which the plaintiff was bound to produce clear and positive proof; and if there was any doubt, the presumption would be against the plaintiff; to which the judge assented, and so charged, and the plaintiff's counsel excepted thereto.

The jury having found for the defendant, the plaintiff moved before the same judge for a new trial, which was granted. The defendant appealed.

*Brown, Hall & Vanderpoel*, for the appellants.

I. The judge at trial should have non-suited, because there was no evidence of *the* person under bail having escaped ; and, had the jury found for plaintiff, the court, under the evidence, should have awarded defendant a new trial. To sustain an action for an escape against the sheriff, it must be shown affirmatively, and by plain and irresistable evidence, that the defendant in the execution has been off the limits. *Vischer* v. *Gansevoort*, 19 Johns. R. 496.

II. Where a person is sought to be identified by the circumstance of similarity of name, it must at least be by similarity of the entire name. *Jackson* v. *Goes*, 13 Johns. R. 523 ; *Nelson* v. *Whitehall*, 1 Barn. & Adol. 21. Suppose a subscribing witness were to swear, " I saw the instrument executed by a person who was called into the room, but I do not know that that person was the defendant "—the plaintiff would be non-suited, yet in that case the person would respond to the name and act under it. *Whitelock* v. *Musgrove* (per BAILEY, J.,) 1 Cromp. & Mee. 511 ; *Parkins* v. *Hawkshaw*, 2 Stark, 212 ; *Middleton* v. *Sanford*, 4 Camp. R. 34 ; *Brown* v. *Kimball*, 25 W. 274 ; *Nelson* v. *Whitehall*, 2 Barn. & Adol. 19.

III. There was no necessity for a charge from the judge. But the judge's charge could not have misled. He charged, in substance, as favorably as the plaintiff could have desired. See *Asby* v. *Rapelye*, 1 Hill, 11. (*a*) In *Ross* v. *Gould* (5 Greenlf, 20–4,) the genuineness of a deed was controverted, and the plaintiff was held " to satisfy the jury, beyond a reasonable doubt, that it is genuine." (*b*) The language of DALY, J., at trial, is substantially that of Lord ABINGER in *Long* v. *Hitchcock*, 9 C. & P. 619 ; see, also, *Sumner* v. *State*, 5 Black. 579 ; *Lexington Fire Co.* v. *Paver*, 16 Ohio, 324. (*c*) And doubt may spring from a plaintiff's case, as well as from a whole case of testimony.

*Benjamin G. Hitchings*, for the respondent.

I. There was sufficient *prima facie* evidence of identity, and, no evidence whatever having been given to rebut it, the plaintiff

was entitled to recover. Identity of name is always sufficient *prima facie* evidence of identity, and no further proof is ever required until contrary evidence is produced. *Jackson* v. *King*, 5 Cow. R. 237. The evidence in this case is much stronger than mere identity of christian and surname. We have at each of the two periods not only Captain White, but Captain White, captain of the same ship Hudson. That the same Captain White continued to be captain of the ship Hudson, is a presumption of law. 1 Cow. & Hill's Notes, 205; 9 Wend. 351; 4 Wend. 429. The facility of explanation and contradiction is always to be regarded in judging of the sufficiency or weight of testimony. If the Captain White, who left the limits and went to sea on the 19th of March as captain of the ship Hudson, was not actually the person who had, four days previously, been arrested and given bail for the limits, how easy for defendant to have proved it. The owners of the ship, or Captain White himself could have proved it. "Imperfect proofs become perfectly strong and convincing when uncontradicted, if the party to be charged is supposed to have the power of contradicting if the facts were not as charged." 1 Phil. Ev. 157; 3 Stark. Ev. 487; 2 Cow. & Hill's Notes, 310.

II. The judge should have directed a verdict for the plaintiff, as requested by plaintiff's counsel, or should have charged the jury that the evidence of identity was *prima facie* sufficient, and that, no evidence having been given to rebut it, the plaintiff ought to recover upon it. *Prima facie* evidence is sufficient until contradicted, or repelled by contrary proof, and a jury have no right to disregard it, or find against it. STORY, J., in *Rilly* v. *Jackson*, 6 Peters, 632; 7 Wend. 160; 5 Wend. 257.

III. The proposition in the charge, "that this was an action in which the plaintiff was bound to produce clear and positive proof, and if there was any doubt the presumption would be against the plaintiff," was clearly erroneous, and the judge was right in granting a new trial on that ground. There was no hardship about the action, the sheriff being fully indemnified by bail of his own approval, and no ground whatever for the appli-

cation of any different rule of evidence from what prevails in other civil suits. The courts, so far from holding that any peculiar strictness of proof in favor of the sheriff in this action, as required, have in general held quite the contrary, for instance: The slightest departure from the liberties is sufficient. 2 Duer's R. 404; 5 Johns. R. 89. It is sufficient *prima facie* evidence of an escape that the prisoner is seen at large in the street, and throws upon the defendant the burden of proving that the place was within the limits. *Steward* v. *Kipp*, 7 Johns. R. 165. A return cannot be given in evidence under the general issue, but must be pleaded specially. 1 Chitty's Pl. 535. If the limits are in any part vague and indefinite, or ill defined, the prisoner is bound, at his peril, to keep within places clearly defined. *Kipp* v. *Bridgham*, 7 Johns. R. 168. By statute, in England, it is conclusive evidence of an escape if the jailer does not show the prisoner when called upon to do so. 4 Cow. & Hill's Notes, 399.

IV. Justice requires that there should be a new trial. If the evidence had been held to be insufficient on the motion for a nonsuit, plaintiff would have had an opportunity to produce more; but the verdict for the defendant was rendered upon evidence adjudged *prima facie* sufficient for the plaintiff. If the verdict stands: 1st. The judgment in this action against the plaintiff is a bar to any action for the escape in question. 2d. The original judgment, and all remedy on it, is gone. The arrest of a defendant on a *capias ad satisfaciendum*, is a satisfaction of the judgment and debt. 2 Tidd's Pr. 943; Graham's Pr. 421; 1 Cow. R. 56; 8 T. R. 123. It cannot even be proved in bankruptcy, or made the ground of a set-off. If the prisoner escapes, plaintiff has his election either to issue a new execution or to sue the sheriff. But a suit against the sheriff is an election on the part of the plaintiff to consider him out of custody; and, if he sues the sheriff, he cannot arrest the defendant again on the same or any new execution, and that suit is a bar against any subsequent action for an escape. *Brown* v. *Littlefield*, 11 Wend. 467.

A new trial will be granted where, upon the whole, there is great reason to believe that justice has not been done; (*Jackson*

v. *Steenburgh,* 1 Caines, 163); and a non-suit set aside, even when properly granted, as otherwise the cause of action would be lost. *The People* v. *Barnes,* 12 Wend. 492. Even if there is no error of law, a new trial will be granted " where there is a reasonable doubt, or perhaps a certainty, that justice has not been done." Lord MANSFIELD in *Bright* v. *Crisp,* 1 Burr, 390, 395.

By the Court, BRADY, J.—The proof in this case was that Joseph G. White was the captain of the ship Hudson. That the ship was towed out to sea on or about the 19th of March, 1854. That a person on board the ship was addressed by the captain of the towboat as Captain White. That the person so addressed replied to such address, and also gave orders to the second officer on board the ship as to what sails to let loose. And further, that as the captain of the towboat was leaving the ship, he said "Good by, Captain White;" and that the person so addressed acted as captain of the ship. This testimony was *prima facie* sufficient to show that Joseph G. White went out as captain of the ship Hudson, and to throw the burden of proof to the contrary on the defendant. In *Nelson* v. *Whittall* (1 Barn. & Ald. 19,) it was held, in an action on a promissory note, that proof of the handwriting of a subscribing witness thereto, who was dead,—it having been shown that the defendant was present in the room when the note was prepared by the subscribing witness,—was sufficient, without proving the handwriting of the defendant. In *Sewell* v. *Evans* (4 Ald. & El., N. S. 1843, 626,) the action was on a bill of exchange drawn upon and accepted by the defendant in payment for goods sold and delivered. A witness stated that he introduced a person of the name of the defendant to the plaintiff's testator as a customer, and that he saw the person so introduced write a letter. The letter was produced in evidence, and, as was admitted, established the case against the defendant by acknowledgment, *if the identity* of the writer and the defendant was shown. The facts occurred five years before the action was brought. The witness had not seen the person since, and *and did not know whether that person was the defendant.* In *Roden* v. *Ryde,* (Id.

629), which was an action against the defendant as acceptor of three bills of exchange, it appeared on the trial that all the bills were accepted in the name of Henry Thomas Ryde, and made payable at the Regent street branch of the London and Westminister Bank. The cashier of the Bank stated that he knew the handwriting of Henry Thomas Ryde, and that the acceptances were in his writing. Being cross-examined, he stated that Henry Thomas Ryde had kept an account at the Regent street branch ; that he had *never seen him write, and did not know him ;* that his only means of knowledge as to his handwriting consisted in his having, as cashier, paid checks drawn in the name of the party alluded to by him ; and that he had paid none for some time. For the defendant it was objected that there appeared no evidence to identify him with the Henry Thomas Ryde spoken of by the witness. The judge (WILLIAMS) thought there was a *prima facie* case of identity, and overruled the objection. On rules *nisi* in both these cases, the court held the proof sufficient. Lord DENMAN, at page 633, says : " But, in cases where no particular circumstance tends to raise a question as to the party being the same, even identity of name is something from which an inference may be drawn." WILLIAMS, J., at page 634, says : " A man of the defendant's name had kept money at the branch bank, and this acceptance is proved to be his writing. Then, is that man the defendant ? That it is a person of the same name *is some evidence*, till another party is pointed out who might have been the acceptor."

Applying these cases to the one in hand, the facts that the defendant in the execution was theretofore the captain of the ship Hudson, and that a Captain White was commanding the ship Hudson when she went to sea, were at least some evidence that the person so commanding was the defendant in the execution, "till another person was pointed out." The natural presumption, arising from the facts, is that Joseph G. White went to sea in the ship Hudson, and it seems to be very clear that the error in the charge, for which the presiding judge ordered a new trial, was one which materially affected the plaintiff's recovery, and

entitled him to a new trial. In *Long* v. *Hitchcock*, (9 C. & P. 619), to which we were referred on the argument, and which was an action for *crim. con.*, Lord ABINGER charged the jury "that the plaintiff was to prove his case to their satisfaction. That if he left it doubtful, either from the circumstances which surrounded it, or from the character of his witness, they could not say that he had made it out." The peculiar circumstances of that case warranted the language used. The only witness called to prove the adultery had been convicted of felony, and had been several times in prison charged with various offences; and, on cross-examination, would not swear that he had not stated that his statement was false. But the jury were not told that the plaintiff was bound to produce clear and positive proof.

The testimony in this case, having been *prima facie* sufficient, should have been submitted to the jury for their consideration. Whether it was sufficient to prove the departure of Joseph G. White, the defendant in the execution, was for their determination.

Order of special term affirmed, with costs.