## CAMPBELL v. CAMPBELL et al.

*(Supreme Court, General Term, Fifth Department. February 8, 1889.)*

**1. PLEADING—AMENDMENT—FORECLOSURE OF MORTGAGE.**

Where defendant in an action to foreclose denies that he executed the mortgage, an amended complaint alleging that it was to secure moneys employed at the mortgagor's request to pay a judgment of foreclosure of a prior mortgage, and asking that plaintiff be adjudged the equitable assignee of that judgment, and permitted to enforce the same in case he fails to establish the execution of the mortgage in question, should be allowed, since, if it alleges two causes of action, it alleges causes which are not inconsistent, arising out of the same transaction.

**2. SAME—UNAVAILABLE AMENDMENT.**

An amendment will not be refused on the ground that it sets out a cause of action which cannot be established, unless it appears conclusively that the amendment could be of no possible avail to the party asking it.

Appeal from special term.

Action by Henry Campbell against William Campbell and others, to foreclose a mortgage. Leave was granted to plaintiff to serve an amended complaint, and defendants appeal.

Argued before ADAMS and DWIGHT, JJ.

*Frank W. Brown*, for appellants. *Knight & Barnes*, for respondent.

ADAMS, J. The power given to the court in the matter of amending pleadings is largely discretionary, and the very language of the Code implies that it is to be exercised freely and liberally in furtherance of justice. Code Civil Proc. § 723. Giving to the section cited this interpretation, the court below saw fit to grant to the plaintiff leave to amend his complaint by setting up facts constituting, as it is claimed, a new cause of action. The amendment thus allowed sets forth, in substance, that the mortgage to foreclose which this action is brought was given as security for moneys which were employed in the payment, at the mortgagor's request, of a judgment or decree of foreclosure and sale obtained in an action to foreclose a prior mortgage upon the same premises, and asks that the plaintiff be adjudged the equitable assignee of that judgment, and, as such, allowed to enforce the same in case he fails to establish the execution of the mortgage in suit, the execution of which is denied by the defendant William Campbell, the mortgagor. The

motion was resisted at special term upon the ground that the amendment asked for would permit the plaintiff to join two inconsistent causes of action, and upon the further ground that it would not, if allowed, set forth a good cause of action. The policy of the law is to encourage the joinder of two or more causes of action arising out of the same transaction, (Code Civil Proc. § 484,) and no adequate reason has been furnished by the defendant for a departure from that policy in this case. If the facts set forth in the proposed amendment constitute two causes of action, they certainly arose out of the same transaction, and it is difficult to see in what respects they are inconsistent with each other, inasmuch as the relief demanded is designed simply to meet the facts as they shall be established upon the trial. It is claimed by the defendant Campbell that he did not execute the mortgage in suit, although it appears to have been executed by him, and is conceded to have been executed for his benefit, and as security for moneys which were paid out by the plaintiff at his request. It follows, therefore, that a court of equity ought to frame such issues as will enable the plaintiff to obtain the relief he seeks if the evidence at the trial shall establish the truth of his allegations. *Bank* v. *Joslyn*, 37 N. Y. 353; *Ice Co.* v *Insurance Co.*, 23 N. Y. 357. The court will not, as a general thing, undertake to determine upon an application for leave to amend a pleading whether the proposed amendment sets forth a cause of action or defense which can be finally maintained or established, unless it be made to appear conclusively that the amendment, if granted, could be of no possible avail to the party asking it. *Muller* v. *Muller*, 21 Wkly. Dig. 287; *Mitchell* v. *Allen*, 25 Hun, 543. This would seem to render unnecessary any extended examination of the question raised by the second ground of defendants' objection, for it is by no means clear that the plaintiff does not set forth a good cause of action in the amendment asked for. On the contrary, we think that his cause of action which is designed to enforce a judgment is not barred by the statute of limitations, (Code Civil Proc. § 376,) and that, if he establishes the same by evidence, he will place himself in the position of an equitable assignee of that judgment, and as such be entitled to enforce the same. *Patterson* v. *Birdsall*, 64 N. Y. 294; *Gerwig* v. *Sitterly*, 56 N. Y. 214. The order appealed from should be affirmed, with $10 costs and disbursements.

DWIGHT, J., concurs.