FINK *v.* MANHATTAN RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

1. PLEADING—AMENDMENT—NEW PARTIES.

The amendment of a complaint by striking out the name of a co-plaintiff who died before service of the summons, and allowing the other plaintiff to continue the action, as sole plaintiff, in his proper name, the initial letter of his middle name having been omitted, does not introduce a new party plaintiff.

**2. SAME—RIGHTS OF DEFENDANT.**
    A defendant's right to plead to an amended complaint cannot be restricted to the service of an answer.

**3. PRACTICE IN CIVIL CASES—DISMISSAL—INTEREST OF PLAINTIFF.**
    Whether the plaintiff continuing the action was possessed, at the time of the commencement thereof, of such an interest in the premises in controversy as entitled him to recover, forms a material issue, which cannot be determined by summary application for the dismissal of the complaint, based on affidavits.

Appeal from special term.

Action by Louis E. Fink against the Manhattan Railway Company and another. An order was entered striking out the name of a person designated as a co-plaintiff, and defendants appeal.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Brainard Tolles,* of counsel,) for appellants. *Leo C. Dessar,* (*Allen Lee Smidt,* of counsel,) for respondent.

BISCHOFF, J. The pleadings are not presented on this appeal, but it sufficiently appears that this action was brought to obtain an injunction to restrain the operation and maintenance of defendant's elevated railway in front of the premises No. 42 Division street, and to recover damages resulting from such operation and maintenance in the past. Sophie E. Fink and Louis Fink were named as plaintiffs in the summons and complaint. The cause was reached for trial at an equity term in December last, when it appeared that Sophie E. Fink had departed this life on August 12, 1888, 13 days before the service of the summons on defendants. Defendants then moved, upon affidavits reciting the death of Sophie E. Fink, as aforesaid, and also that the premises had, in December, 1875, been conveyed to Louis Fink and Sophie E. Fink, his wife, as tenants by the entirety; that Louis Fink died, May 23, 1882, more than six years before the commencement of this action, leaving said Sophie E. Fink him surviving; and that the records failed to show the ownership of any estate in the premises in Louis E. Fink, a son and only child of Sophie E. Fink and Louis Fink, her husband; and that said Louis E. Fink was not the person named Louis Fink, and designated as plaintiff,—that the summons be canceled for want of jurisdiction, and the complaint be dismissed. Plaintiff's attorney, in opposition, maintained that Louis E. Fink, purporting to be the plaintiff, is the same person named Louis Fink in the summons and complaint, and that at the time of the commencement of this action said Louis E. Fink was seised of an estate in the premises in question. The judge at equity term denied defendants' motion, and plaintiff thereupon moved that Louis E. Fink be permitted to continue this action in his proper name, and also as the successor in interest of said Sophie E. Fink; that the title of this action be amended accordingly; and that said Louis E. Fink, as such plaintiff, be permitted to serve an amended complaint. The order thereupon made granted leave to said Louis E. Fink to amend the title of this action by striking out the name of Sophie E. Fink as party plaintiff, and allowing him to continue this action as sole plaintiff, and to serve an amended complaint on or before December 7, 1889, to which defendants were required to serve an answer before December 16, 1889. From this order defendants now appeal.

The amendment allowed does not introduce a new party plaintiff. It merely permits the action to be continued by a person claiming to be plaintiff, in his proper name. The presence or omission of the initial letter of Louis E. Fink's middle name is of no importance, (*Franklin* v. *Talmadge,* 5 Johns. 84;) and no presumption can arise therefrom, either in favor of or against the identity of Louis E. Fink with Louis Fink, the person named as plaintiff. The similarity of the names, however, presumptively establishes the identity of the persons. *Hatcher* v. *Rocheleau,* 18 N. Y. 86; *People* v. *Smith,* 45 N. Y. 772;

*Daby* v. *Ericsson*, Id. 786; *Agate* v. *Richards*, 5 Bosw. 456; *Jackson* v. *Orser*, 2 Hilt. 99; *Lyon* v. *Brown*, 6 Alb. Law J. 162.

And, though the records may fail to disclose the ownership of any estate in the premises in question, it may nevertheless be that, at the time of the service of the summons herein, Louis E. Fink was seised of the whole or some part of such premises. That the records fail to disclose such ownership does not create any presumption against the same, and the question whether or not plaintiff was possessed, at the time of the commencement of this action, of such an interest as will entitle him to a recovery against defendants forms a material issue which must be disposed of by trial. It cannot be determined by summary application for the dismissal of the complaint, based upon affidavits. The motion for dismissal of the complaint and cancellation of the summons was therefore properly denied.

The contention of appellants' counsel, that the order appealed from directs this action to be continued by Louis E. Fink as the successor in interest of Sophie E. Fink, does not appear well founded, upon an inspection of the order. The order recites that plaintiff's attorney applied for such direction; but its granting clause only allows an amendment of the title by striking out the name of Sophie E. Fink as party plaintiff, and permits Louis E. Fink, the plaintiff, to continue the action, and to serve an amended complaint. Such an order can properly be made at the trial. Code Civil Proc. § 723. Section 398 of the Code of Civil Procedure directs that an action shall be deemed commenced against a defendant when the summons is served on him, and sections 758 and 759 provide for the continuance of an action by the representative or successor in interest of a deceased plaintiff or defendant. Sophie E. Fink being deceased at the time of the service of the summons, this action was never commenced as to her; and she could not, in any sense, have been a party thereto. *Paget* v. *Pease*, 17 Civil Proc. R. 234, 6 N. Y. Supp. 386. Obviously, then, unless the contrary distinctly appears, the judge at equity term could not have intended to allow this action to be continued, respecting the estate of Sophie E. Fink, by Louis E. Fink, as the successor in interest of a deceased plaintiff.

The judge erred, however, in restricting defendants to the service of an answer to the amended complaint, and in directing that service of such answer be made in less than 20 days from the service of the amended complaint. The service of an amended pleading by defendants was necessitated by granting leave to the plaintiff to serve an amended complaint, after service of which defendants may be advised to demur; and their right to plead to plaintiff's amended complaint should not be restricted to the service of an answer. Section 520 of the Code of Civil Procedure provides that a copy of each pleading, subsequent to the complaint, may be served on the attorney for the adverse party within 20 days after service of a copy of the preceding pleading. In the present case, leave was not granted to defendants to plead to the amended complaint as a matter of favor; and the time secured to them by statutory provision to plead to the last preceding pleading of the adverse party could not, therefore, be abridged.

The order appealed from should be modified by permitting defendants to serve an answer or demurrer within 20 days after the service of the amended complaint, and directing that this cause be stricken from the present equity calendar of this court. Order appealed from modified as above, and affirmed as modified. No costs of this appeal to either party.