HARDIN, P. J., concurred; MARTIN, J., not sitting.

Judgment affirmed, with costs.

———

SIMON D. PADDOCK, Appellant, *v.* JOHN BARNETT and ENOCH NICHOLSON, Respondents.

*Appeal from a Justice's Court — amendment of the answer in the County Court — the sufficiency of a pleading will not be determined upon a motion for leave to serve it.*

Where an action is begun in a Justice's Court and a new trial is had in the County Court, the latter court has power to allow the answer to be amended by setting up a separate and additional defense.

Unless a pleading proposed to be served is clearly bad or frivolous, its sufficiency will not be determined on a motion for leave to serve it, but the other party will be left to his remedy by demurrer or by objection taken upon the trial.

*It seems,* that where a person has petitioned a board of supervisors to refund certain taxes and the application, after a proper hearing, has been denied, such adjudication inures to the benefit of the town assessors and would be a defense to them in an action subsequently brought by the same person to recover damages for the alleged wrongful assessment against him of the same taxes.

In such an action it is premature for the court, upon an application to amend the answer, to decide the question and to hold in terms that the proposed defense is a bar to the plaintiff's entire cause of action, where it appears that the complaint charges an illegal assessment of taxes in the years 1884 and 1885, while the proceedings before the board of supervisors did not relate to the taxes of 1884, but only to those of 1885 and 1886.

APPEAL by the plaintiff, Simon D. Paddock, from an order of the County Court of Onondaga county, entered in the clerk's office of said county on the 13th day of November, 1894, allowing the defendants to amend an answer interposed in a Justice's Court by alleging and setting forth a new and independent defense as follows:

It is ordered that the motion in behalf of said defendants and respondents be and the same is hereby granted, and that they be allowed to amend their answer herein by alleging and setting up as a further and separate answer and defense to plaintiff's complaint herein, in substance and in such form as they shall be advised by counsel, so far as pertains to this action and the facts involved therein, the following facts and allegations contained in the said affidavit of Enoch C. Nicholson, viz.:

(Here follows the matter to be contained in such amended answer.)

It is further ordered that as a condition of granting this relief said defendants be required, upon serving their answer containing such amendment and further answer and defense herein (*which it is held and decided states a bar to the plaintiff's right to recover*), to pay the plaintiff herein the sum of five dollars, one-half the costs of this motion, and also the further sum of twenty dollars, etc.

*Homer Weston*, for the appellant.

*Frank H. Hiscock*, for the respondents.

MERWIN, J.:

This action was commenced in a Justice's Court. The defendants were assessors of the town of Schuyler in the county of Onondaga, and in the years 1884 and 1885, as the plaintiff in his complaint alleged, they assessed him for personal property in that town when in fact, to the defendants' knowledge, he was not a resident or inhabitant of that town, but resided in the city of Syracuse, and by reason of such assessments he was compelled to pay the taxes for

those years, based on such assessments, and he claimed to recover damages for the wrongful act of defendants. The defendants put in a general denial and also set up the Statute of Limitations. The defendants succeeded in the Justice's Court and the plaintiff appealed to the County Court for a new trial. Thereafter the defendants made a motion in the County Court for leave to amend their answer by setting up as an additional and separate defense an adjudication by the board of supervisors of Onondaga county of the matter in controversy, upon a petition by plaintiff to have the taxes refunded, which adjudication is alleged to have been made after hearing the plaintiff upon the one side, and the defendants upon the other, upon the question of the residence of the plaintiff and the legality of the tax, and after considering all the facts and allegations. It is alleged that the board decided that the taxes in controversy, one or both of them, were legal and denied the plaintiff's petition to have them refunded. In granting the motion for leave to amend, the order appealed from was made. It gives the defendants the right to set up as an additional and separate defense the facts and allegations contained in the affidavit of the defendant Nicholson which is set out in the order.

The plaintiff claims that the defendants were guilty of *laches* in making their motion. We find, however, no good reason for disturbing the discretionary action of the County Court on that subject. That matter was undoubtedly in view when the terms upon which the amendment was granted were fixed. The power of the County Court to grant the amendment is well settled. (Code, § 3071; *Simpson* v. *Rome, W. & O. R. R. Co.,* 48 Hun, 113; *Cramer* v. *Lovejoy,* 41 id. 582.)

In the order of the County Court there is a clause by which it is, in terms, held and decided that the defense sought to be set up states a bar to the plaintiff's right to recover.

By the statute under which the board acted (§ 5 of chap. 855 of the Laws of 1869, as amended by chap. 32 6of the Laws of 1885) it was authorized to "refund to any person the amount collected from him of any tax illegally or improperly assessed or levied." This would seem to give the board the right to determine whether the tax was illegal (*Matter of N. Y. Catholic Protectory,* 77 N. Y. 342, 345; *Matter of Buffalo Mut. Gas Light Co.,* 144 id. 228, 232), and to that

end determine the question of residence. The act of 1869, as amended by chapter 695 of 1871, was under consideration in the case in 77 N. Y., and the power there construed was substantially the same as that conferred on the board of supervisors by the amendment in 1885. If the board had jurisdiction and the matter was determined by it after a full hearing, there is authority for the proposition that the determination is conclusive upon the claimant and on succeeding boards. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234; *People ex rel. Brown* v. *Supervisors*, 3 How. Pr. [N. S.] 241.) Whether or not the determination inures to the benefit of the assessors is a question in more doubt. The assessors were certainly interested parties, they were heard in the matter, they represented in a certain way the public which was the party in interest against the plaintiff, and they to a certain degree acted for the public in making the assessment. There is at least color for the proposition that the action of the board, assuming there was a full and fair consideration on the merits, should inure to the benefit of the assessors. (*Ashton* v. *City of Rochester*, 133 N. Y. 187, 193; *People ex rel. Hatzel* v. *Hall*, 80 id. 117; *Jay* v. *DeGroot*, 2 Hun, 205; *Lyman* v. *Furis*, 53 Iowa, 498.)

This question, however, need not, and should not, be determined here. Ordinarily, unless the proposed pleading is clearly bad or frivolous, its sufficiency should not be determined on a motion for leave to serve it, but the other party should be left to his remedy by demurrer or on trial. (*Mitchell* v. *Allen*, 25 Hun, 543; *Campbell* v. *Campbell*, 23 Abb. N. C. 187; 1 Rumsey's Pr. 287.) This rule should, we think, be applied here.

There is another objection to the adjudication in the order, and that is that it is too broad as it assumes to decide that the proposed defense is a bar to the entire cause of action of the plaintiff. The plaintiff's cause of action relates to the tax and assessment for the year 1884 as well as that of 1885. The proposed defense as outlined in the affidavit of Nicholson refers to the tax and assessment for the years 1885 and 1886, and not to those of 1884. So that the defense proposed and allowed to be put in would seem to be only a partial one.

The order of the County Court should be modified by striking out the clause which decided that the proposed defense states a

bar to the plaintiff's right of recovery and as so modified should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Order modified by striking out the clause that decides that the proposed defense is a bar to plaintiff's right to recover, and as so modified, affirmed, without costs of appeal to either party.