## ZIEGLER v. TRENKMAN.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

In an action to recover damages for personal injuries sustained through the negligence of the defendant, consisting in the manner in which an elevator was operated and maintained in a building owned and controlled by the defendant, the court permitted the plaintiff to amend, by adding a further allegation that the defendant at the time in question was also negligent, in that he employed an unskilled and incompetent person to manage, operate, and control the elevator. *Held*, that the amendment introduced no new cause of action, and that, under Code Civ. Proc. § 723, it was properly allowed.

2. SAME—CONDITIONS.

An order permitting plaintiff to amend cannot provide that it is done without prejudice to the present position of the case upon the calendar;

for, under Code Civ. Proc. § 977, the clerk must place it upon the calendar according to its date of issue, as determined by the time when the last amended pleading is served.

Appeal from special term, New York county.

Action by Jacob Ziegler, an infant, by Isaac Grossman, his guardian, against August Trenkman. From an order allowing plaintiff to serve amended complaint, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. Sidney Carrere, for appellant.

Abraham Levy, for respondent.

McLAUGHLIN, J. This appeal is from an order permitting the plaintiff to serve an amended complaint. The action is brought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. The negligence alleged in the complaint originally served consists in the manner in which an elevator was operated and maintained in a building owned and controlled by the defendant. The amendment permitted, in addition to such allegation, a further one, to the effect that the defendant, at the time in question, was also negligent, in that he employed an unskilled and incompetent person to manage, operate, and control the elevator. The defendant insists that the court erred in permitting this amendment, for the reason that a new and independent cause of action was thus introduced. We think the amendment was proper. Section 723 of the Code of Civil Procedure provides that the court may upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and upon such terms as it deems just, amend any process, pleading, or other proceeding by inserting an allegation material to the issue. The defendant is mistaken in his supposition that a new cause of action is introduced by the amendment. The cause of action is the same. The plaintiff still predicates his right to recover for the same injury received by him, at the same time and place, and by the unlawful act of the defendant. The amendment simply adds an additional specification of the wrongful act alleged to have been the cause of the injury. Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. 733. We are, however, of the opinion that the plaintiff should have been required, as a condition of granting the amendment, to pay, not only the $10 required by the special term, but, in addition thereto, to pay all the term fees to the time the order was made, and the order should be modified to that extent.

The order should also be modified by striking out that portion of it which provides that the amendment was granted without prejudice to the present position of the case upon the calendar, and that when reached for trial, if it should appear that the defendant could not safely proceed with the trial, he could apply for a reasonable adjournment, to which the plaintiff must consent. We do not think the court could thus control the position of the case upon the calendar. The time when the last pleading is served determines and fixes the date of issue, and the clerk must place the case upon the cal-

endar according to that date (Code Civ. Proc. § 977); and this case cannot be placed on the calendar according to its date of issue, except under the date of the new issue as formed by the service of the amended complaint. Any delay caused by the amendment by reason of the necessity of filing a new note of issue was for the consideration of the plaintiff when he applied for leave to amend. Ingraham v. Insurance Co. (Com. Pl.) 12 N. Y. Supp. 4; Gair v. Birmingham (Super. N. Y.) 15 N. Y. Supp. 147.

The order should therefore be modified as above indicated, and, as thus modified, affirmed, without costs to either party. All concur.