EVERETT v. EVERETT.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. MARRIAGE—ANNULMENT—PLEADING—AFFIDAVIT BY ATTORNEY.
   An affidavit in support of a motion for leave to amend a complaint to set aside a decree annulling a marriage, made by the attorney of the plaintiff in her absence from the state, which is based on the prior litigation, and shows him to be possessed of sufficient information to entitle the affidavit to be received, is sufficient.

2. SAME.
   An amendment to a complaint to set aside a decree annulling a marriage, which states that plaintiff has a good defense to the annulment proceedings, will not be refused for failure to state specifically the grounds of the defense.

3. SAME—EFFECT OF AMENDMENT—REVIEW.
   The supreme court will not determine the sufficiency of a pleading on a motion for leave to amend; hence that an amendment to a complaint will not make the complaint good is not a ground for reversal of an order allowing leave to amend.

4. SAME—LACHES.
   A delay from June to October, covering the summer vacation of court, in asking leave to amend a complaint, is not such laches as will preclude such amendment.

5. SAME—IMPOSITION OF COSTS—DISCRETION.
   The imposition of costs, as a condition to the granting of leave to file an amended pleading, being within the discretion of the court, omission to so impose costs is not reversible error.

Appeal from special term, Kings county.

Suit by Georgia L. Everett against Edward Everett to set aside a decree annulling their marriage. From an order granting plaintiff leave to amend complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George Zabriskie, for appellant.

W. H. Van Steenbergh, for respondent.

WILLARD BARTLETT, J. This is an action to set aside a decree annulling the marriage of the parties, which decree was granted in this court in 1888, at the instance of the husband. The wife alleges, in substance, that she was induced to refrain from defending that suit by false and fraudulent representations on the part of her husband, who promised that, after the marriage was annulled, he would make her his wife by a ceremonial marriage, to be celebrated by a regularly ordained minister of the gospel. The order under review permits the wife to amend her complaint by inserting therein an allegation to the effect that she had and has a good and substantial defense upon the merits to the cause of action in her husband's nullity suit. It is objected that the affidavit in support of the motion is made by the attorney, when it ought to have been made by the party, and that the attorney does not show that he possesses knowledge, information, or belief sufficient to enable him to say that his client had or has any defense in the former action. It appears, however, that Mrs. Everett was in Liverpool, Nova Scotia, when the affidavit was made. Her absence would have authorized her attorney to verify a pleading in her behalf, and the court at special term might well accept it as a sufficient reason why she did not make the affidavit herself. The attorney's statements are based largely on the proceedings in the prior litigation, and we think that they show him to be possessed of sufficient information to entitle the affidavit to be received and considered on the motion.

The appellant also insists that the proposed amendment should not have been allowed, because, even if permitted, it would not make the complaint good. It may be that more artistic pleading would require a specific statement of the grounds of the good defense which the wife alleges that she had in the nullity suit; but we are not prepared to say that the allegation, in the form in which it is introduced by the amendment, is not an issuable averment of a material fact. An amendment will not be refused unless it clearly appear that, if granted, it could be of no possible avail to the party seeking it. Campbell v. Campbell (Sup.) 5 N. Y. Supp. 171. In the supreme court it has not been the practice to determine the sufficiency of the proposed pleading on the motion for leave to amend. Paddock v. Barnett, 88 Hun, 381, 34 N. Y. Supp. 834.

It is furthermore argued that the laches of the plaintiff should have prevented the court below from granting her motion. A delay from June to October, however, including, as it did, the summer vacation, can hardly be regarded as such procrastination as should preclude an amendment of the complaint,—least of all, in

a matrimonial action, where the interests of the public are always to some extent concerned as well as those of the parties. Nor are we disposed to interfere with the discretion of the learned judge at special term in omitting to impose any costs upon the plaintiff as a condition of permitting the amendment.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.