(63 App. Div. 190.)

MONTGOMERY v. BOYD et al.

(Supreme· Court, Appellate Division, First Department. July 9, 1901.)

1. APPEAL—LAW OF THE CASE—DICTUM.
Where the appellate division holds on appeal that a complaint is insufficient, but indicates the facts necessary to be alleged to constitute a sufficient complaint, the language, though dictum, is sufficient to authorize the trial court to allow an amendment in conformity thereto.

2 SAME—COMPLAINT—AMENDMENT—SUFFICIENCY—HOW RAISED ON APPEAL.
The sufficiency of such amended complaint will not be reviewed on an appeal from the order allowing the amendment, but only by an appeal from the issues raised by answer or demurrer thereto.

Appeal from special term, New York county.

Action by James L. Montgomery against Robert N. Boyd and others. From an order allowing an amendment to the summons and complaint, certain defendants appeal. Affirmed.

See 70 N. Y. Supp. 139.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Edward C. Perkins, for appellants.

Stephen H. Olin, for respondent.

HATCH, J. The object of this action, as set forth in the amended complaint, is to establish the claim of the plaintiff, the assignee of certain debts and demands against James McHenry, deceased, and to obtain payment and satisfaction thereof out of property which originally belonged to said McHenry, and which the plaintiff avers was transferred in fraud of creditors. Heretofore an order was made in the action, upon affidavits and the complaint, directing the service of the summons upon certain nonresident defendants by the publication thereof, or personally without the state. This order was thereafter vacated upon motion of the defendants thus served, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. From the order so made, vacating the service of the summons, the plaintiff appealed to this court, which affirmed the order appealed from. 70 N. Y. Supp. 139. It appeared that the plaintiff sought to maintain the action as a general creditor, as assignee of other general creditors of McHenry, now deceased. McHenry was a nonresident at the time of his death; his executors are nonresidents, and acting under foreign letters testamentary; no administration proceedings have been taken in this state; and the plaintiff has never obtained a judgment at law, either against McHenry or against his representatives, and has no lien, either legal or equitable, upon the property sought to be reached. This court therefore held that the complaint did not state a cause of action, but, in the course of the opinion delivered, quoted from Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13, as follows:

"This plaintiff could undoubtedly have maintained an action for the benefit of all the creditors, after the refusal of the representatives to set this conveyance aside; but, instead of that, she is seeking, by an ordinary creditors' action, to secure payment of her own debt, regardless of what may happen to others."

With a view, evidently, of overcoming this objection, the plaintiff made this motion for leave to amend the supplemental summons and amended complaint by striking out the name of the defendant and amending the complaint in certain particulars,—among other things, by an averment that the action is brought for the benefit of all the creditors of said James McHenry. This motion was granted by the special term, and from the order so made and entered this appeal is taken.

We think the order in this case should be affirmed, mainly for the reason that we ought not to determine upon this motion the sufficiency of the complaint as stating a cause of action. In the case of Montgomery v. Boyd (not yet officially reported) 70 N. Y. Supp. 139, language was used which authorized the inference that

if certain facts were stated in the complaint a good cause of action would undoubtedly be averred. The facts therein adverted to are supplied in the present supplemental complaint. In the former appeal in this case it was not at all necessary to a disposition of the order appealed from for the court to determine such question, and this language is clearly obiter. It was a sufficient basis, however, for the present order; and, in view of the fact that the questions involved in this action have not been definitely passed upon by the court of appeals, we think such question ought not now, upon this motion, to be determined. The defendants, or some of them, are still at liberty to raise the question which they now seek to have decided by demurrer, or issue may be joined by the service of an answer; and eventual appeal, in either case, may carry the matter into the court of last resort. The questions are important and involved, and this course will fully protect the rights of every party. We are not to be understood as expressing any opinion upon the fact as to whether or not the complaint states a cause of action, or that such an action, not based upon a judgment regularly recovered, can be maintained. This court has recently had the questions under advisement in the case of Dittmar v. Boni, 69 N. Y. Supp. 708. A similar question has also been considered by the supreme court of the United States in Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804. It is not necessary that we state the conclusion reached by the court in these cases. It is evident, however, that the views therein expressed may not be readily harmonized with the language used by this court upon the appeal to which we have heretofore referred.

For these reasons, it follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.