## VAN NORDEN TRUST CO. v. MURPHY et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

TRIAL—CALENDARS—AMENDMENT OF PLEADING.

> Under Code Civ. Proc. § 977, by the provisions of which the time when the last pleading is served determines and fixes the date of issue, and the clerk must place the case on the calendar according to that date, where, after the note of issue is filed, notice of trial served, and claim to a preference made, some of the defendants serve an amended answer, the date of issue is thereby changed; and, the case not being properly on the day calendar after such change, the order for such preference is improper; and this, so long as the amended answer remains the pleading of defendants, though it does not change the issue, but merely amplifies the original answer.

Appeal from Special Term.

Action by the Van Norden Trust Company, as executor, against Edward F. Murphy, individually and as executor, and others. From an order directing that the trial be preferred and the case set for trial on a day specified, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Lucius H. Beers, for appellant Edward F. Murphy, individually and as executor, and others.

H. Aplington, for appellants John J. O'Donohue and others.

Edward W. S. Johnston, for respondent.

PER CURIAM. The fact is not denied that, after the note of issue had been filed, notice of trial served, and claim to a preference made, some of the defendants served, as they had a right to do, an amended answer. This changed the date of issue. The time when the last pleading is served determines and fixes the date of issue, and the clerk must place the case upon the calendar according to that date. Code Civ. Proc. § 977. Any delay caused by the amendment by reason of the necessity of filing a new note of issue was a proper consideration for the court, when leave was given to the defendants to amend. Ziegler v. Trenkman, 31 App. Div. 305, 52 N. Y. Supp. 613.

It is suggested that the amended answer was simply an amplification of the original one, and did not change the issue, and therefore there was no necessity for filing a new note of issue. The answer to this suggestion is that, so long as the amended answer remained as the pleading of the defendants who served it, that determined the

date of issue. The date of issue having been changed by such amended answer, the case was improperly upon the day calendar, having been noticed and note of issue filed before the service of such amended answer. The order for a preference therefore should have been denied.

The order appealed from therefore is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.