### PEOPLE v. HARRISON STREET COLD STORAGE CO.

(Supreme Court, Appellate Division, First Department.   May 6, 1910.)

PLEADING (§ 261*)—GAME (§ 8*)—AMENDMENT—NEW DEFENSE—FRIVOLITY —ACTION FOR PENALTIES—PLEADING—AMENDMENT OF ANSWER.

An amendment to an answer should be disallowed on the ground that it would not be a defense only where the defense thereby set up is clearly frivolous, otherwise the amendment should be allowed, and it should be left to the trial court to pass upon the merits of the defense presented, that defendant may offer evidence to establish it, and take exception to an adverse ruling thereon which he may review on appeal; and, as the question as to what possession of game birds during the closed season, without giving the statutory bond, will be a violation of the forest, fish and game law (Laws 1909, c. 24 [Consol. Laws, c. 19]), has not been judicially determined, in an action for penalties for unlawfully and knowingly having in possession certain game birds, an amendment to the answer alleging that defendant was a cold storage company, had received and held the birds in sealed packages for customers, without notice or knowledge that they contained game birds in violation of statute, and that defendant believed that the packages were correctly labeled as containing domestic fowl and meat, and had no authority to open and inspect them, should have been allowed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 794; Dec. Dig. 261;* Game, Cent. Dig. § 8; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by the People against the Harrison Street Cold Storage Company to recover statutory penalties. From an order denying a motion to serve an amended answer, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Frank E. Blackwell, for appellant.

James G. Graham (William Chilvers with him, on the brief), for the People.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J.  This action is brought to recover penalties aggregating the sum of $147,435 for violations of the forest, fish, and game law.  The complaint charges in six counts that within certain specified periods, being the closed season, during the year 1909, the defendant unlawfully and knowingly had in its possession certain game birds and fowl in violation of the provisions of chapter 24, Laws 1909 (Consol. Laws, c. 19), known as the "Forest, Fish, and Game Law," without having given the bond prescribed in section 241 of said chapter. The original answer interposed was a general denial.  The defendant is, as its name implies, a cold storage company.  It appears that pending this action the people settled actions against the defendant's customers who stored the game birds and fowl with the defendant, which actions were brought to recover penalties on account of the possession by the defendants in that action of the same birds and fowl as are charged in this action to have been possessed by the defendant.  Judgment for the same amount was demanded there as here, and the penalties were by said settlement recovered by the plaintiff.  The defendant, on ascertaining these facts, moved to amend its answer by pleading as a separate defense the recovery of said penalties against its customers who owned and stored the game birds and fowl and the compromise and settlement of the action for the same alleged violations of the statute, and by further alleging that the game birds and fowl were contained in barrels, boxes, and kegs, securely closed, covered, and marked or tagged showing that they contained domestic fowl and meat, and that they were received and stored by the defendant in the names of the persons who delivered the same to the defendant without notice or knowledge of the fact that they contained game, birds, and fowl in violation of the statute, and that the defendant believed that the packages were correctly labeled, and had no authority to open and inspect the same.

The motion to serve the amended answer was denied on the theory that the new matter incorporated therein would not constitute a defense to the action.  Where a defense sought to be interposed by an amendment is clearly frivolous, the court may properly deny the motion on the ground that it would not constitute a defense, but otherwise the amendment should not be disallowed on that theory, and it should be left to the trial court to pass upon the merits of the defense presented thereby, in order that the defendant may have an opportunity to offer evidence to establish the defense, and of taking an exception to an adverse ruling thereon, which he may review on an appeal from the judgment.  Mitchell v. Allen, 25 Hun, 543; Everett v. Everett, 48 App. Div. 475, 62 N. Y. Supp. 1042; Paddock v. Barnett, 88 Hun, 381, 34 N. Y. Supp. 834; Montgomery v. Boyd, 63 App. Div. 190, 71 N. Y. Supp. 264; Thilemann v. Mayor, etc., 71 App. Div. 595, 76 N. Y. Supp. 132; Michigan S. Co. v. American Bonding Co., 109 App. Div. 55, 95 N. Y. Supp. 1034; Haskell v. Moran, 118 App. Div. 810, 103 N. Y. Supp. 667.  The learned counsel for the people contends that it is wholly immaterial whether the defendant knew or did not know the contents of the packages, and that the allegations of the complaint charging knowledge on its part should be regarded as surplusage.  These contentions may be sound; but no decision within this jurisdiction has

122 NEW YORK SUPPLEMENT.

been cited authoritatively deciding that the provisions of law in question require or should receive a construction which will under any and all circumstances render the possessor of game birds or fowl during the closed season liable for penalties, even though he be innocent and may have been induced to receive them by fraud and deceit, and may have exercised the care which a prudent man would have exercised to avoid being innocently led into a violation of the law. The judicial construction of the statute with respect to what possession will constitute a violation of the law remains to be developed. The agricultural cases are not decisive of the question. There the penalty was imposed for selling milk below the standard prescribed by the Legislature, and a person who saw fit to engage in the business of dealing in milk was required, at his peril, to see that the milk conformed to the standard prescribed by law, and therefore whether or not it had been adulterated or the vendor knew that it was under the standard was immaterial, because he was bound at his peril to determine before vending it. People v. Kibler, 106 N. Y. 321, 12 N. E. 795; People v. Bosch, 129 App. Div. 660, 114 N. Y. Supp. 65; People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415. Surely every innocent and involuntary possession of game, which could in no manner affect the public health, would not subject the possessor to penalties. It may be that common carriers and other bailees for hire must at their peril make a minute inspection of every package or parcel received for transportation or storage to avoid violating the law; but, since the question has not been authoritatively decided, without expressing any opinion thereon, we think that the defendant should be allowed to serve the amended pleading, in order that there may be no question with respect to its right to review any adverse ruling on the alleged defenses presented by the amended pleading.

It follows, therefore, that the order should be reversed with $10 costs and disbursements to the appellant, and the motion granted on payment by the appellant of costs in the action to be taxed. All concur.