INGRAHAM, P. J., McLAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements motion for retaxation granted, with ten dollars costs, and the clerk directed to retax disbursements as stated in opinion. Order to be settled on notice.

CHARLES F. TATUM, Respondent, *v.* JOHN FARSON, JR., and Others, Appellants.

First Department, April 16, 1915.

Practice — amendment of pleading allowed at trial — amended complaint setting out new matter — defendant should not be restricted to answering — retention of cause on calendar during amendment.

Where after a ruling by the trial court that a plaintiff cannot prove certain facts not specifically set forth in his complaint, he has been permitted to withdraw a juror with leave to amend, and the amended complaint alleges facts which he would not have been able to prove under the original complaint, so that the amendment is material, the court should not restrict the defendant to serving an answer to the amended pleading, but, as new issues are presented, he should be accorded the same unrestricted right to move or plead as he had when the original pleading was served.

It is proper to allow the plaintiff in the amended pleading to leave out the name of a defendant who was originally served, where it has since been discovered that he is not a member of the partnership, against the members of which the plaintiff brings action.

Since the amendment to section 723 of the Code of Civil Procedure made by chapter 591 of the Laws of 1900, the court in its discretion may order that a cause retain its place on the calendar although an amendment of the pleadings has been allowed, subject to the right of the party opposing the amendment to move or plead as he may be advised.

APPEAL by the defendants, John Farson, Jr., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of January, 1915, granting the

plaintiff's motion to strike the name of John A. McElroy, joined as a defendant herein, from the summons and complaint, and for leave to serve a proposed amended complaint, a copy of which was annexed to the motion papers, upon payment of costs after notice of trial and ten dollars costs of the motion, "without prejudice to proceedings heretofore had herein, provided that the admissibility of all testimony taken before trial or by commission then existing and capable of being offered shall be determined by the justice presiding at the trial, and provided, subject to the provisions of section 830 of the Code of Civil Procedure, that the testimony heretofore taken upon the trial of this action shall not stand," and further providing that the defendants shall have twenty days after the service of the proposed amended complaint "in which to answer," and that the cause be placed upon the day calendar for the 1st day of March, 1915, without the filing of a new note of issue or service of a notice of trial.

*Lewis L. Delafield,* for the appellants.

*Harrison Clark, Jr.* [*E. H. Tatum* with him on the brief], for the respondent.

LAUGHLIN, J.:

In the original complaint the plaintiff in form pleaded two causes of action separately numbered; and in the amended complaint he has pleaded only one. In each count of the original complaint the plaintiff alleged that the defendants were jointly indebted to him upon contract for money had and received in the sum of $10,213.33; and by the amended complaint the plaintiff claims that the defendants Farson are jointly indebted to him on contract for money had and received in the same amount. In the first count of the original complaint the plaintiff alleged that by certain false and fraudulent representations made by the three defendants as partners, the plaintiff was induced to purchase from them twenty bonds of the par value of $500 each, for said sum of $10,213.33; that the false representations were contained in a notice or prospectus which the defendants caused to be prepared and freely and extensively circulated, inviting the

public to purchase from them all or any part of an issue of about $2,000,000 six per cent " Municipal Water Bonds," for the payment of which 80,000 acres of land in the county of Logan, Colorado, " owned by well-to-do people of Sterling and Denver in the State of Colorado * * * in tracts averaging one hundred and sixty (160) acres " were represented to be pledged as security for the payment of the bonds, which it was further represented constituted a first lien thereon " over any subsequent bond issue and any prior indebtedness of any character; " that the lien of said bonds was in fact governed by the Constitution and certain specified laws of the State of Colorado relating to *irrigation districts,* which did not make the bonds a prior lien as represented, and that said issue of bonds " was not and is not now under the laws of the State of Colorado secured by about eighty thousand (80,000) acres of land;" that " the said statements contained in the said notice or prospectus, together with other statements therein contained " were false and were known by said defendants to be false, and were fraudulently made with the intention of deceiving those, including plaintiff, who were invited to purchase the bonds; and did so deceive them; that shortly before the commencement of the action the plaintiff discovered the falsity of the representations and the fraud, and elected to rescind and offered and tendered the bonds to the defendants, together with all payments of interest made on the bonds since they were received by the plaintiff, " and thereby rescinded the said transaction, and demanded of the defendants " the amount paid by him for said bonds, together with interest from the date of payment, with which demand the defendants wrongfully refused to comply; and the same offer and tender were made in the first count of the complaint. The second count of the original complaint contained substantially the same allegations with respect to the false and fraudulent representations by which the plaintiff was induced to purchase the bonds; and further alleged that the bonds were not municipal water bonds, and were not a lien upon 80,000 acres of land, but were a lien on not more than 40,000 acres of land in said county; that the bonded debt was not about $25 per acre, as represented, but was about $50 per acre; that the issue of bonds was not a lien upon 80,000

First Department, April, 1915.    [Vol. 167.

acres of land, or upon any land, "prior to any subsequent bond issue and any prior indebtedness of any character;" that the bonds delivered to the plaintiff were not the bonds described in the prospectus, *and that the minds of the parties never met with respect to a sale of the bonds* delivered to the plaintiff, and that the bonds were worthless, and differed so materially from those described in the prospectus that there was *a failure of consideration;* and that the plaintiff, on discovering the falsity of the representations and the fraud, *elected to rescind for a failure of consideration,* and offered and tendered the bonds to the defendants, as alleged in the first count, which offer was refused. It thus appears that each count was for the recovery of the consideration for the bonds and both were on the theory of rescission of the contract; but the one was predicated upon the theory of rescission for fraud only, and the other for failure of consideration.

The action was brought to trial on the issues arising on the original complaint, and the trial court ruled that the plaintiff could not show, under the allegation with respect to "other statements" contained in the prospectus, any false representation other than those specifically alleged, and that the plaintiff could not show "fraudulent concealment of material facts in said prospectus," not specifically set forth in the complaint; and thereupon permitted the plaintiff to withdraw a juror, upon payment of a trial fee and the disbursements for subpoenaing witnesses, including mileage, in order to move at Special Term for leave to amend. On the motion for leave to amend it appeared that the action was originally brought on the theory that the three defendants were copartners but that the testimony of one of the defendants taken before trial showed that McElroy was not in partnership with the other defendants when the causes of action arose, and for that reason the plaintiff desired to have his name stricken from the title of the action.

The proposed amended complaint sets forth *seventeen* provisions of the prospectus, eleven of which it is alleged were false and fraudulent in thirteen particulars set forth. It is further alleged therein that the defendants intentionally concealed from the plaintiff at the time he purchased the bonds certain material facts set forth in three separate paragraphs;

and that the prospectus described the bonds as "County of Logan, Colorado Municipal Water 6's," and that the defendants thereby intended to and did induce the plaintiff to purchase the bonds believing that they were issued by, and were' obligations of, the county of Logan; and "a prior lien upon all taxes levied upon over 80,000 acres of land" in said irrigation district; whereas, they were issued by "North Sterling Irrigation District, in said County of Logan." The amended complaint otherwise contains in substance the allegations contained in the original complaint with the exception that it omits the allegations with respect to the bonds being without value and the alleged rescission rests on an election for fraud only; but it contains in addition thereto further specific allegations with respect to the purpose of the defendants to deceive purchasers by the representations contained in the prospectus which are alleged to have been made without regard to their truth or falsity and under circumstances indicating that defendants knew that they were true, and further alleges that there were certain outstanding bonds which were liens upon the land equal or prior to the lien of the issue of bonds in question.

Sufficient has been stated to show that the plaintiff, under the amended complaint, claims to be entitled to recover on proof of facts. alleged therein which would not have been admissible under the original complaint, and on the theory that defendants fraudulently suppressed facts which was not presented by the original complaint. It was manifestly proper to allow the plaintiff to eliminate the name of McElroy. Where, however, a plaintiff deems it necessary to apply for and obtain leave thus materially to amend his pleading, he cannot insist, and the court may not require, that the defendant be confined to *answering* the amended pleading. (Code Civ. Proc. § 520; *Fink* v. *Manhattan Railway Co.*, 15 Daly, 479. See, also, *Stearns* v. *Lichtenstein*, 48 App. Div. 498; *Block* v. *Nussbaum*, 163 id. 463; *Sayer* v. *Beirne*, 78 id. 491; *People* v. *Harrison Street Cold Storage Co.*, 138 id. 124; *Everett* v. *Everett*, 48 id. 475; *Paddock* v. *Barnett*, 88 Hun, 381.) Aside from any question of power on the part of the court by virtue of the provisions of section 723 of the Code of Civil Procedure, or other-

wise, the defendant, where the amendment is more than formal and presents a new issue, should be accorded the same unrestricted right to move or plead as he had when the original pleading was served. No burden or restriction should be imposed upon one party as a condition of granting a favor to the adverse party. Under the provisions of said section 723 of the Code of Civil Procedure prior to the amendment made by chapter 591 of the Laws of 1900, which took effect on the first day of September that year, it had been held by this court that where a pleading is superseded by an amended or supplemental pleading it was not competent for the attorneys by stipulation, or for the court, to hold the case in its place on the calendar without the service of a new note of issue and further notice of trial. (*Leonard* v. *Faber*, 31 App. Div. 137; *Ziegler* v. *Trenkman*, Id. 305.) The Legislature then amended the section by adding thereto the following: "When amending a pleading or permitting the service of an amended or supplemental pleading in a case which is on the general calendar of issues of fact, the court may direct that the case retain the place upon such calendar which it occupied before the amendment or new pleading was allowed, and that the proceedings had upon the amended or supplemental pleadings shall not affect the place of the case upon such calendar, or render necessary the service of a new notice of trial." Bliss in a note to this section in his Annotated Code (Vol. 2 [6th ed.], p. 1460) is doubtless right in stating that the purpose of this amendment was to overcome the effect of the decisions cited, and to authorize the court *in a proper case* to allow the cause to retain its place on the *general calendar* of issues of fact, without a new note of issue or a notice of trial. The statute being authority for permitting the cause in such case to retain its place on the general calendar, the court having control over the calendar may in a proper case, that is where it appears probable that an issue of fact will soon be joined in the cause again and the ends of justice require a speedy trial, order that it retain its place on the day or call calendar, or that it be set for trial for a day certain, subject, however, to the right of the party opposing the amendment to move or plead as he may be advised, and then, if and when an issue of fact shall be joined on the

amended pleading the cause may be brought to trial as contemplated by the order granting leave to amend.

The proceedings heretofore had in this action are not sufficiently shown to sustain the order in so far as it grants leave to amend without prejudice thereto.

We are of opinion, therefore, that the order should be modified by eliminating all of the provisions thereof after the recitals, and substituting therefor the following:

" Ordered, that the name of John A. McElroy be stricken from the summons and complaint herein, and that plaintiff have leave to serve said proposed amended complaint upon payment of costs after notice of trial, and ten dollars costs of this motion, and that the cause retain its place on the general calendar of issues of fact." The defendants will then be at liberty to move or to plead as they may be advised, and if an issue of fact shall again be joined, the cause, then being upon the general calendar, will take the usual course.

On the 26th day of February, 1915, this court affirmed somewhat similar orders in actions brought by the National Exchange Bank of Wheeling and by Stephen E. Royce against the same defendants (167 App. Div. 906); but the trial of those actions had not been entered upon and the orders did not contain the provision referring to section 830 of the Code of Civil Procedure, and providing that, subject to the provisions thereof, testimony taken upon the trial of the actions should not stand. Further examination of the points common to this and to those appeals, but now more fully presented, in connection with the contention concerning the additional provision contained in the order now under review, leads us to doubt whether we should have affirmed those orders without modification.

It follows that the order should be modified as herein directed, and as so modified affirmed, with ten dollars costs and disbursements.

INGRAHAM, P. J., MCLAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Order modified as directed in opinion, and as so modified affirmed, with ten dollars costs and disbursements. Order to be settled on notice.