### GAIR *v.* BIRMINGHAM *et al.*

*(Superior Court of New York City, Special Term.* March 21, 1891.)

NOTICE OF TRIAL—AMENDMENT OF PLEADINGS.

> After plaintiff had served a notice of trial, and filed a note of issue, defendants served an amended answer. Plaintiff moved to strike out the answer, which was denied. No notice of trial was served after the amendment of the answer. *Held,* that the cause would be stricken from the calendar on defendants' motion, as an amendment of the pleadings renders a new notice of trial necessary, and this requirement cannot be met by an amendment of the notice of trial *nunc pro tunc.*

Action by Gerald Gair against Birmingham & Co. to recover for services rendered by plaintiff to defendants. Defendants move to strike the cause from the calendar, and plaintiff moves that his notice of trial and note of issue be amended *nunc pro tunc.*

*Levien & Johnson,* for plaintiff. *E. C. Delevan,* for defendants.

McADAM, J. The defendants served an answer to the complaint, and the plaintiff thereupon served a notice of trial, and filed a note of issue. The defendants thereafter served an amended answer. The plaintiff moved to strike out the answer, and the application was denied by Judge DUGRO. See Code, § 542. The defendant now moves to strike the case from the calendar, and the plaintiff makes a counter-motion for leave to amend his notice of trial and note of issue, *nunc pro tunc.* The rule is settled that, where an amended pleading is served, there must be a new notice of trial (*Ostrander* v. *Conkey,* 20 Hun, 421; *Clifton* v. *Brown,* 27 Hun, 233, 234; 2 Rum. Pr. 204, and a new note of issue, *Black* v. *Bank,* 2 Abb. N. C. 332.) Where a proper notice of trial is served, the court may permit the note of issue to be amended *nunc pro tunc. Clinton* v. *Myers,* 43 How. Pr. 95. The court, having authority to regulate its calendar, undoubtedly possessed this power. But the service of a notice of trial is a statutory condition precedent to obtaining a place on the calendar or of forcing an adversary on. The form of the notice, and the time of service, are regulated by the statute; and the court can dispense with neither, except by the consent of the parties, or as a condition to granting some favor. I find no authority to amend the essential requirements of the notice, or to permit of the service *nunc pro tunc.* Upon the hearing of the motion to strike out the amended answer, made under section 542, Judge DUGRO might have stricken out the answer, unless the defendant consented to waive the irregularities in the service of the notice of trial and note of issue. He did not impose any such condition. I can impose no such condition now. Motion to strike from calendar granted, and motion for leave to amend denied. No costs.