GAYLORD *v.* BEARDSLEY

(*Supreme Court, General Term, Fifth Department.* June, 1892.)

1. COUNTERCLAIM—PLEADING—ASSIGNMENT.

Where an answer sets up a claim against plaintiff for a balance due and unpaid on a bond and mortgage which were made to another person, and it fails to allege the assignment of the bond and mortgage to defendant, or that he owns them, it is demurrable as failing to state any defense or counterclaim.

2. PLEADING—AMENDMENT—SCOPE OF ORDER.

An order granting to defendant the right to "amend his answer as he may be advised" cannot be sustained.

Appeal from special term, Monroe county.

Action by Eleanor D. Gaylord, administratrix of Ann C. Bradburn, against Nelson Beardsley. From an order allowing defendant to "amend his answer as he may be advised" plaintiff appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*F. D. Wright,* for appellant. *James R. Cox,* for respondent.

LEWIS, J. The theory of the plaintiff's cause of action is that in or about September, 1884, one Arthur M. Gaylord caused to be assigned to the defendant, Nelson Beardsley, a bond and mortgage conditioned to pay to the mortgagee named therein $4,784; that, in consideration of such assignment, the defendant agreed to pay to said Gaylord the par value of said bond and mortgage, and that the defendant paid on account of such purchase price the sum of $2,500, leaving due Gaylord, including interest, $3,766.75; that Gaylord assigned his claim against the defendant to Ann C. Bradburn, who brought an action to recover said unpaid balance of the purchase price; that after bringing the action, she died, and the action was continued by order of the

court in the name of the plaintiff, as administratrix of Ann C. Bradburn. The defendant interposed an answer to the complaint, denying that he ever purchased the bond and mortgage, or that he was indebted to the plaintiff in any sum whatever. The answer further alleged that, at the request of said Gaylord, he (Beardsley) loaned to Gaylord the sum of $1,500, and that pursuant to an agreement between the defendant and Gaylord the bond and mortgage in suit were delivered to the defendant, to be held by him as collateral security for the payment of $1,500, and as security also for the payment of a bond and mortgage theretofore executed and delivered by said Gaylord to the defendant, conditioned to pay to the defendant the sum of $1,000, with interest, at the times mentioned in the bond and mortgage; but that said bond and mortgage were not assigned to the defendant unconditionally. The answer further alleged that Gaylord failed to pay the $1,500 when it became due, or any part thereof, and that the defendant caused the said mortgage of $4,784 to be foreclosed and the premises sold, and that they brought upon the sale thereof the sum of $1,500 only, and the defendant demanded the judgment of the court dismissing the plaintiff's complaint. In January, 1892,—more than a year after serving his answer,—the defendant made a motion for leave to serve an amended answer. His motion was based upon his verified petition, which stated, among other things, that in an action brought by the petitioner against Gaylord and Gaylord's wife to recover the thousand dollars agreed to be paid to the petitioner by Gaylord and wife, by the terms of the bond and mortgage mentioned, an answer was interposed by Gaylord and Gaylord's wife, alleging payment in full of the bond and mortgage, and that Gaylord and wife were called as witnesses upon the trial of the action, and testified that it was part of the agreement in respect to the assignment of the bond and mortgage of $4,784 mentioned in September, 1884, that the said thousand-dollar bond and mortgage should be canceled by the petitioner, and considered paid; that the petitioner was defeated in the action. The petition further stated as follows: "If your petitioner is held to have purchased absolutely the said bond and mortgage so made by Arthur M. Gaylord in March, 1883, then, nothing having been paid upon the same, there is due and unpaid thereon from Ann M. Gaylord to the petitioner $2,984.94." There was presented on behalf of the petitioner, on the hearing of the motion, his proposed amended answer. It was entitled "Proposed supplementary or amended answer handed up to the court by defendant upon the argument of the motion." The proposed answer did not allege any facts which had happened after the service of the first answer; so that the proposed answer was not in any sense a supplemental answer. The amendment to the answer which the defendant proposes to serve wholly fails to state any defense or counterclaim, and, if allowed to be served, and a demurrer should be interposed to it, the demurrer would be sustained. The proposed answer purports to set up a claim against the plaintiff for a balance due and unpaid upon the bond and mortgage of $4,784, but it nowhere alleges that the bond and mortgage had ever been assigned to the defendant, or that he owned them. This difficulty presented itself undoubtedly to the mind of the court at the hearing of the motion at special term, and it was sought to be obviated by giving to the petitioner the right to "amend his answer as he may be advised." An order granting to a party the right to amend his pleadings as he may be advised cannot be sustained. *New* v. *Aland*, 62 How. Pr. 185. Had the proposed amended answer set out in the appeal book stated a defense or counterclaim, the form of the order could be changed or amended by this court so as to provide for the service of the proposed amended answer, and, as thus altered, it could be affirmed. But no good purpose would be subserved by providing for the service of a demurrable answer. *Hoffman* v. *Hoffman*, 35 How. Pr. 384; 1 Rum. Pr. 287. The order appealed from should be reversed, with $10 costs and the disbursements of this appeal. All concur.