VICTORIA A. ROMAINE, Respondent, v. GEORGE S. BOWDOIN and Others, Appellants.

*New issue, created by an amended complaint and answer — old issue superseded and stricken from the calendar — stipulation.*

When the original issue in an action has been superseded by a new issue created by the service of an amended complaint and the answer thereto, after the original issue has been disposed of on demurrer, a new note of issue and a new notice of trial are necessary to bring on for trial the issue presented by the amended pleadings, and if the old issue thereafter appears upon the Circuit calendar, it should be stricken therefrom.

The requirement of a new note of issue and a new notice of trial is not to be deemed waived by a stipulation which, at a time when the defendants' time to answer the original complaint was extended, fixed the date of issue, but which had no reference to the new issue.

APPEAL by the defendants, George S. Bowdoin and others, from an order made at the New York Supreme Court Circuit, and entered in the office of the clerk of the city and county of New York on the 9th day of May, 1893, denying the defendants' motion to strike the cause from the calendar.

*Arthur H. Van Brunt,* for the appellants.

*Robert L. Redfield,* for the respondent.

PARKER, J.:

This action being regularly reached on a call of the calendar in Circuit Court, the defendants moved that it be stricken therefrom on the ground that the issue represented on the calendar had been

superseded by a new issue created by the service of an amended complaint and answer. Such was the fact, and a new note of issue and a new notice of trial were necessary to bring on for trial the issue presented by the amended pleadings. (*Ostrander* v. *Conkey*, 20 Hun, 421.) But the point was made on the motion, and is renewed here, that the usual practice had been waived by stipulating that the date of issue should be December 29, 1891.

We do not so understand the stipulation. At the time it was made the complaint had been served, and in extending defendants' time to plead, plaintiff's attorneys inserted therein : " Date of issue to be of this date." The issue referred to was, of course, the issue to be joined by the service of the pleading which the defendant was obtaining time to prepare. Subsequently, the issue was joined by the service of a demurrer. It was afterwards tried and the trial resulted in favor of the defendant. That issue, which was the one appearing on the calendar, was, therefore, at an end. It was with reference to it, and not to the issue subsequently created, that the parties stipulated.

The order should be reversed, with ten dollars costs and disbursements.

FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements.