(12 Misc. Rep. 207.)

### FISHER et al. v. GUNN et al.

(Superior Court of New York City, Special Term.  April, 1895.)

NOTICE OF TRIAL AND NOTE OF ISSUE—AMENDMENT OF PLEADING.

A new pleading which brings in new parties, and in other respects supersedes the original pleading, though it creates no new issues between the original parties, is an amended pleading, and renders necessary a new notice of trial and note of issue.

Action by Henry J. Fisher and others against William Gunn and others.  Defendant moves to strike the cause from the special term calendar.

R. H. Arnold, for the motion.

Wensley & Gilroy, opposed.

GILDERSLEEVE, J.  This is a motion to strike from the special term calendar the within action, on the ground that an amended pleading has been served, and no new note of issue has been filed since the service of such amended pleading.  The plaintiffs claim that the new pleading is a supplemental and not an amended one.  It is well settled that no new note of issue need be filed after a supplemental complaint has been served (Lovatt v. Watson, 35 Hun, 553; Myers v. Railway Co. [Com. Pl. N. Y.] 12 N. Y. Supp. 4); whereas, after an amended pleading is served, there must be a new notice of trial and a new note of issue.  Gair v. Birmingham (Super. N. Y.) 15 N. Y. Supp. 147; Ostrander v. Conkey, 20 Hun, 421; Black v. Bank, 2 Abb. N. C. 332.  The distinction between a supplemental and an amended pleading is that the latter takes the place of the original, while the former does not.  When an amended complaint is served, it supersedes the original for the purposes of the issues in an action.  A supplemental complaint, however, never takes the place of an original, and the issues joined under the original pleadings remain as issues to be tried in the action; and, indeed, as a general rule, a supplemental complaint does not state a cause of action.  See Myers v. Railway Co. (Com. Pl. N. Y.) 12 N. Y. Supp. 4.  The question presented on this motion is whether the new summons and complaint, served under the order of the general term, are amended or supplemental.  By the wording of the general term order they are both, and they are so entitled.  By these pleadings new parties defendant are brought in, and in other respects the new pleadings supersede the original for the purposes of the issues in the action.  The plaintiffs claim that, as between them and the defendants Gunn, no new issues have been framed or created by the service of the new complaint required by the general term order.  It is contended, however, by defendants Gunn, that copies of the amended and supplemental pleadings must be served on the old as well as the new defendants, who are at liberty to set up any new or additional matter in their answers they may have omitted in their original answers, and that the new defendants are certainly entitled to notice of trial.  It seems to me from the papers before me that this is a case where the rule regarding amended pleadings must govern, and that new

notices of trial should be served, and a new note of issue should be filed. It is true that, where a proper notice of trial is served, the court may permit the note of issue to be amended nunc pro tunc,—Gair v. Birmingham (Super. N. Y.) 15 N. Y. Supp. 147,—but in the case at bar no notice of trial has been served since the service of the amended and supplemental pleadings. The motion must be granted, and the case stricken from the special term calendar. Ordered accordingly.