LEONARD et al. v. FABER. BANK OF THE METROPOLIS v. SAME. HOLMES, BOOTH & HAYDENS v. SAME.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

NOTICE OF TRIAL—STIPULATION.
    A provision of Code Civ. Proc. § 977, that notice of trial must be given for the same term for which the note of issue is filed, cannot be evaded by the stipulation of attorneys.

Appeal from trial term, New York county.

Actions by Charles H. Leonard and another against Eberhard Faber, by the Bank of the Metropolis against the same, and by Holmes, Booth & Haydens against the same. From orders denying motions to strike cases from the calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis Forbes, for appellant.

George Rosendale, for respondents.

PER CURIAM. These are appeals from orders denying the defendant's motions to strike these cases from the trial term calendar. The application in each case was made upon the same ground, namely, that the note of issue was for a different term from that for which the case was noticed for trial. That the substantial fact upon which the motions were based is true, appears in the papers before us. Notes of issue were filed by the plaintiffs in each case on December 14, 1896, and each was noticed for trial for the January term, 1897. Thereafter the plaintiffs demurred to certain affirmative defenses set up in the answers of the defendant. The issues of law arising on such demurrers were heard at the special term, and decided on July 19, 1897. The demurrers were sustained, and the defendant was permitted to answer over on the payment of costs. He availed himself of that permission, and served amended answers on the 6th of August, 1897. No new notes of issue were filed, but it would appear that both parties afterwards served notices of trial for the trial term. It further appears that on the 8th of September, 1897, a stipulation signed by the plaintiffs' attorney, and purporting to be signed by the then defendant's attorneys, was made in the following words: "It is stipulated that no new note of issue need be filed in the above-entitled actions, or any of them. This is to save the plaintiffs the $4.00 clerk's fee in each case on filing such note of issue." On the decision of these motions at the special term, the court regarded the stipulations as conclusive of the merits of the motions.

It was strongly urged that the stipulations were not signed by the attorneys representing the defendant at the date thereof, but the court held that the plaintiffs' attorney was justified in relying upon them. It is not necessary to pass upon the genuineness of the defendant's attorneys' signature to the stipulation. The ground upon which the motions were based was established, and the causes should have been stricken from the calendar. The issues of fact were joined by the amended answers in August, 1897. The issues were then fixed, and the place of the cases upon the calendar determined. It was held in Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67, that where an original issue has been superseded by a new one, created by amended pleadings, if the original issue has been disposed of on demurrer, a new note of issue and a new notice of trial are necessary to bring on for trial the issue presented by the amended pleadings, and, if the case appears upon the trial term calendar without that being done, it should be stricken therefrom. That decision is in strict accordance with the provisions of section 977 of the Code of Civil Procedure. The notice of trial must be given for that term for which the note of issue is filed. This provision of the Code cannot be evaded by the stipulation of attorneys. They have neither power nor control over the calendars, whether for economical or other reasons. It has become necessary in this department to insist upon strict calendar practice. Attorneys cannot give their cases preference in defiance of the requirements of law. These cases were not entitled to appear upon the trial term calendar until the last pleadings were served, and those last pleadings were the amended answers in these cases. There was no undue delay in making these motions, even if that were a consideration which we would entertain on these appeals.

The motions should have been granted, and the orders appealed from must be reversed, with $10 costs and disbursements in one case, and the motions granted, with $10 costs in one case.