(25 Misc. Rep. 351.)

### KEILTY v. TRAYNOR.

(Supreme Court, Trial Term, New York County.    November, 1898.)

NOTE OF ISSUE—PRACTICE—AMENDMENT OF COMPLAINT—NOTICE.
      Where the complaint is amended, there must thereafter be a new note of issue, and a new notice of trial; and in their absence, though they are waived by stipulation of the parties, defendant may have the cause stricken from the calendar.

Action by Michael J. Keilty against Bernard Traynor.    Defendant moves to strike the cause from the calendar.    Granted.

James P. Campbell, for plaintiff.
W. B. Donihee, for defendant.

SCOTT, J.    On February 15, 1898, this cause was called for trial at trial term.    Thereupon the defendant's counsel moved that the cause

be stricken from the calendar, upon the ground that it was an action in equity, and therefore improperly upon the trial term calendar. After some discussion between counsel, the trial justice suggested that the plaintiff be allowed to amend his complaint, without losing his place upon the calendar, or the advantage of his proceedings theretofore had in the action; and it was further suggested that, in consideration of the privilege thus accorded him, the plaintiff should pay to defendant $20 costs. Thereupon the justice dictated to the stenographer, and counsel for both parties acquiesced in, the following stipulation:

"It is stipulated that this case be restored to the general calendar, at the head thereof, or as near thereto as it can be placed, and that the date of issue herein remain as it is now; that the plaintiff shall have leave to serve an amended complaint upon the defendant within five days; that the defendant shall have twenty days thereafter within which to answer; that $20 costs are to be paid to the defendant as terms; the new issue to be made the same date as the old issue."

On the same day the justice made an order reciting the foregoing stipulation, and directing the calendar clerk to restore the cause at the head of the general calendar, or as near thereto as it could be placed, and further ordering that the date of issue should remain as it then was, to wit, March 26, 1896. At the foot of the order the justice added the following:

"The above stipulation was made in open court before me, and I approved of it, and directed that application be made for a restoration of the case to the calendar."

The plaintiff paid to defendant the costs provided for in the stipulation, and an amended complaint and amended answer were served in due course. No new notice of trial was served by either party, and no new note of issue was filed. The cause appeared on the Friday calendar for assignment for trial on October 14, 1898, and on motion of the plaintiff, no one appearing for the defendant, was assigned to be tried on October 18th. The defendant now moves that the cause be stricken from the calendar.

At the time the above-mentioned stipulation was entered into, and the above-recited order signed, the case of Leonard v. Faber, 31 App. Div. 137, 52 N. Y. Supp. 772, had not been decided by the appellate division of this court. In that case the attorneys for the respective parties had stipulated in writing, after the service of an amended answer, that no new note of issue need be filed. The justice at trial term undertook to enforce this stipulation, and denied defendant's motion to strike the cause from the calendar. The appellate division reversed this order, saying:

"The issues of fact were joined by the amended answers in August, 1897. The issues were then fixed, and the place of the cases upon the calendar determined. It was held in Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67, that, where an original issue has been superseded by a new one created by amended pleadings, if the original issue has been disposed of on demurrer a new note of issue and a new notice of trial are necessary to bring on for trial the issue presented by the amended pleadings, and, if the case appears upon the trial term calendar without that being done, it should be stricken therefrom. That decision is in strict accordance with the provisions of section 977 of the Code of Civil Procedure. The notice of trial must be given for that term for which the note of issue is filed. This provision of the Code cannot

be evaded by the stipulation of attorneys. They have neither power nor control over the calendars, whether for economical or other reasons. It has become necessary in this department to insist upon strict calendar practice. Attorneys cannot give their ·cases preference in defiance of the requirements of law. These cases were not entitled to appear upon the trial term calendar until the last pleadings were served, and these last pleadings were the amended answers in these cases."

I have quoted from this case at length, because it is the latest and most authoritative expression upon a question which frequently arises. It has heretofore been held in a number of cases that laches in making a motion like the present is a sufficient answer to the motion. As I understand the appellate division, it will no longer be so. If parties, by formal stipulation signed by both attorneys, or agreed to in open court, cannot avoid the necessity of giving a new notice of trial and filing a new note of issue after an amendment of the pleadings, a party certainly cannot be held to have so agreed merely because he does not move to strike the cause from the calendar at the earliest opportunity which presents itself. The motion must be granted.

Motion granted.