WOOD v. McGUIRE.

(City Court of New York, General Term. November 28, 1898.)

1. PLEADING—AMENDMENT AFTER WITHDRAWING JUROR.
    Where, after commencement of the trial, a juror is withdrawn to permit plaintiff to amend, the trial term loses jurisdiction to authorize the amendment, and plaintiff must apply for leave at special term.

2. SAME—SCOPE OF ORDER.
    An order granting leave to amend the complaint in any way plaintiff deems proper cannot be sustained.

3. SAME—DATE OF ISSUE—TRIAL.
    On withdrawing a juror to permit plaintiff to amend, the court cannot direct that the issue remain as of the original date, and place the cause on the calendar for trial.

Appeal from trial term.

Action by John H. Wood against James J. McGuire. From an order at trial term permitting plaintiff to amend, and setting the cause down for trial for a day certain, defendant appeals. Modified.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Michael J. Scanlan, for appellant.

John F. Baker, for respondent.

O'DWYER, J. The part of the order appealed from is the permission given to plaintiff, in the order at trial term, to amend his complaint, and setting the case down for trial on the first Monday of December. The cause coming on for trial, and the plaintiff desiring to amend his complaint, and defendant declining to go on with the trial, on plaintiff's application a juror was withdrawn, and the order appealed from granted.

The court has the power, in a proper case, to amend the pleadings at the trial, and let the trial proceed, but that is not this case. Here the trial was stopped by the withdrawal of a juror. There was a mistrial,

and the court's jurisdiction over the case was lost. The court had power to permit the withdrawal of a juror, but, after having done so, should have directed that the plaintiff apply at special term for leave to amend his complaint. The court not only directed that the complaint be amended, but gave permission to the plaintiff to amend in any way he deemed proper. Such an order cannot be sustained. Gaylord v. Beardsley (Sup.) 19 N. Y. Supp. 548. The court directed that issue remain as of the original date, and that the cause be placed upon the calendar for trial for the first Monday of December, 1898. The court had no power to so order. Any delay caused by the amendment by reason of the necessity of filing a new note of issue was for the consideration of the plaintiff when he applied for leave to amend. Ziegler v. Trenkman, 31 App. Div. 305, 52 N. Y. Supp. 613; Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67; Leonard v. Faber, 31 App. Div. 137, 52 N. Y. Supp. 772; Gair v. Birmingham & Co., 20 Civ. Proc. R. 233, 15 N. Y. Supp. 147; Keilty v. Traynor, Law Journal, Nov. 25, 1898, p. 584, 55 N. Y. Supp. 744. The terms awarded in the order undoubtedly were fixed as a condition for the amendment of the complaint, and, when the application is made at special term, that tribunal may fix such terms, upon granting the desired relief, as justice requires.

The order should be modified by striking out the permission to amend the complaint, and fixing date of issue and setting case down for trial, and by making the order read as follows, "Ordered, that a juror be withdrawn, and that plaintiff be allowed to apply at special term for leave to amend his complaint;" and, as modified, the order should be affirmed, with costs to the appellant.

FITZSIMONS, C. J., concurs.