Stevenson v. N. Y. L. Ins. Co., 10 App. Div. 233; Baltimore & O. R. R. Co. v. Arthur, 90 N. Y. 234. ·

· Defendant's affidavit states that the action is for a balance due for use of horses and teams, and for services rendered in connection with work done on the defendant's property at Montauk Point, in Suffolk county. It states that Sirignano claims that he cared for and fed the horses, and that this balance now sued for is really due him.

· The plaintiff and Sirignano are not claiming the same money.

Defendant is a debtor to the plaintiff for work done on its property, and the plaintiff owes Sirignano for caring for and feeding horses. The facts as set forth do not establish a lien on the money at common law, and he has no mechanic's lien under the statute. ·

The order appealed from should be reversed, with costs, and the motion denied, without costs.

McCARTHY and OLCOTT, JJ., concur.

Order reversed, with costs, motion denied, without costs.

---

JOHN H. WOOD, Respondent, *v.* JAMES J. McGUIRE, Appellant.

(City Court of New York, General Term, January, 1899.)

Trial — After a mistrial, the trial court cannot allow an amendment.

> Where the plaintiff desires to amend on the trial and at his request a juror is withdrawn, a mistrial results, and the trial court has no power thereafter to permit the plaintiff to amend and to set the case down upon a future day calendar. The trial court should merely allow the plaintiff to apply at Special Term for the amendment.

APPEAL from part of an order made at a Trial Term, permitting the plaintiff to amend his complaint and setting case down for trial.

Michael J. Scanlan, for appellant.

John F. Baker, for respondent.

O'DWYER, J. The part of the order appealed from is the permission given to the plaintiff in the order at Trial Term to amend his complaint, and setting the case down for trial on the first Monday of December.

The cause coming on for trial, and the plaintiff desiring to amend his complaint and defendant declining to go on with the trial, on plaintiff's application a juror was withdrawn and the order appealed from granted.

The court had the power in a proper case to amend the pleadings at the trial and let the trial proceed, but that is not this case. Here the trial was stopped by the withdrawal of a juror.

This was a mistrial, and the court's jurisdiction of the case was lost. The court had power to permit the withdrawal of a juror, but after having done so should have directed that the plaintiff apply at a Special Term for leave to amend his complaint.

The court not only directed that the complaint be amended, but gave permission to the plaintiff to amend in any way he deemed proper. Such an order cannot be sustained. Gaylord v. Beardsley, 46 N. Y. St. Repr. 523.

The court directed that the issue remain as of the original date, and that the cause be placed upon the day calendar for trial for the first Monday of December, 1898. The court had no power to so order.

Any delay caused by the amendment by reason of the necessity of filing a new note of issue was for the consideration of the plaintiff, when he applied for leave to amend. Ziegler v. Trenkman, 31 App. Div. 305; Romaine v. Bowdoin, 70 Hun, 366; 54 N. Y. St. Repr. 115; Leonard v. Faber, 31 App. Div. 137 (No. 277, advance sheets); Gair v. Birmingham, 20 Civ. Pro. 233; Keilty v. Traynor, 25 Misc. Rep. 351.

The terms awarded in the order undoubtedly were fixed as a condition for the amendment of the complaint, and when the application is made at Special Term, that tribunal may fix such terms upon granting the desired relief, as justice requires.

The order should be modified by striking out the permission to amend the complaint and fixing the date of issue, and setting case down for trial, and by making the order read as follows:

" Ordered, that a juror be withdrawn, and that the plaintiff be allowed to apply at Special Term for leave to amend his complaint, and, as so modified, the order should be affirmed, with costs to the appellant."

FITZSIMONS, Ch. J., concurs.

Order modified, and as modified affirmed, with costs to appellant.