### NEVILLE v. BUTLER.

(City Court of New York, General Term. January 3, 1899.)

AMENDMENT DURING TRIAL.
    Where, after commencement of the trial, a juror was withdrawn, and plaintiff permitted to amend so as to destroy the original issue, the cause should be stricken from the day calendar pending the framing of a new issue, and the restoration of the cause to the general calendar.

Appeal from trial term.

Action by Matthew F. Neville against William Allen Butler, Jr., as executor of Frederick K. Agate, deceased. From an order denying defendant's motion to strike the cause from the day calendar, he appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

E. D. Cowman, for appellant.
P. A. Hargous, for respondent.

OLCOTT, J. This cause came on for trial at a trial term of this court on October 21, 1898. A jury was duly impaneled and sworn, and the plaintiff opened the case. The defendant thereupon moved the court to dismiss the complaint upon the ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action. The court directed that a juror be withdrawn, and upon motion of the plaintiff granted leave to him to amend his complaint herein so as to meet the objection raised. On the same day there was served upon the attorney for the defendant a copy of this order permitting plaintiff to amend his complaint, and also a copy of such amended complaint. On October 24th the cause again appeared upon the day calendar; and the defendant, who had not served any answer or demurrer to the amended complaint, his time within which to do so having not then expired, moved, upon an affidavit showing these facts, to strike the cause from the calendar. From an order denying that motion, defendant takes this appeal.

The motion should have been granted. The service of the amended complaint destroyed the original issue. No issue being then in existence, the cause was no longer properly on the general calendar, and it should therefore have been stricken from the day calendar pending the framing of a new issue and the restoration of the cause to the general calendar. Coler v. Lamb, 19 App. Div. 236, 46 N. Y. Supp. 117; Leonard v. Faber (Sup.) 52 N. Y. Supp. 772; Kimbel v. Mason, 61 Hun, 337, 16 N. Y. Supp. 72. We do not think that the subsequent service of an answer to the amended complaint operated as a waiver by defendant of his right to insist upon this point, and to take this appeal.

The order appealed from must be reversed, with $10 costs and disbursements. All concur.