(41 Misc. Rep. 125.)

### NEW YORK CONTRACTING & TRUCKING CO. v. HAWKES,
Commissioner of Docks, et al.

(Supreme Court, Special Term, New York County.　June, 1903.)

1 TRIAL—MOTION FOR PREFERENCE—COMPLETION OF ISSUES.
　　Where, after defendant's notice of trial, and motion for preference, plaintiff demurred to new matter in the answer, not requiring a reply, the preferment could not be granted; the issue of law raised by the demurrer not having been tried, and the issues of fact settled.

Action by the New York Contracting & Trucking Company against McDougall Hawkes, as commissioner of docks of the city of New York, and another.　On motion by defendants for a preference on the calendar.　Motion denied.

George L. Rives, Corp. Counsel (Edward J. McGuire, Asst. Corp. Counsel, of counsel), for the motion.
James A. Deering, opposed.

GIEGERICH, J.　A motion is made by the defendants to prefer this cause, and it is stated to be important for the interests of the city that a speedy trial be had.　The summons and complaint were served on December 24, 1902, and thereafter at least six several extensions

of time within which to serve answers were obtained. On May 18, 1903, the answers were served, with a notice of trial for the June term, and a further notice that a preference would be claimed, and an application made to have the cause set down for trial on June 5th. Meanwhile, and on May 29, 1903, the plaintiff demurred to a portion of the answer consisting of two separate defenses. Through an oversight the plaintiff's default was noted at the opening of the term, which, however, was subsequently opened upon the consent of the corporation counsel, and the motion has now come on upon its merits. In his brief opposing the motion, the plaintiff's attorney contends that the case was not properly at issue and is not properly on the calendar, and cannot be moved for a preference, and that he is entitled to have the issue of law raised by his demurrer tried before the issues of fact are brought on. From the investigation I have been able to make in the pressure of Special Term, and in the absence of any supporting brief from the defendants' attorney, my conclusion is that the plaintiff's contention is correct. The principle which controls this case is stated in Ostrander v. Conkey, 20 Hun, 423, as follows:

"It may be added that the Code contemplates a notice of trial after the issues in the case have, according to the rights of the parties under due practice, been settled."

See, also, Clifton v. Brown, 27 Hun, 231; Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67; Fisher v. Gunn, 12 Misc. Rep. 207, 34 N. Y. Supp. 27; Yates v. McAdam, 18 Misc. Rep. 295, 42 N. Y. Supp. 109; Coler v. Lamb, 19 App. Div. 236, 46 N. Y. Supp. 117.

Now, section 964 of the Code of Civil Procedure defines an issue of fact as follows:

"An issue of law arises only upon a demurrer. An issue of fact arises, in either of the following cases. * * * (3) Upon a material allegation of new matter, contained in the answer, not requiring a reply; unless an issue of law is joined thereupon."

As above shown, an issue of law has been joined on a portion of the new matter set up in the answer, and therefore as to such portion no issue of fact as yet has arisen, and the case is not in condition to be noticed for trial. The motion to prefer must consequently be denied, with $10 costs to the plaintiff to abide the event.

Motion denied, with $10 costs.