(19 App. Div. 236.)

## COLER v. LAMB et al.

(Supreme Court, Appellate Division, First Department.   June 25, 1897.)

1. AMENDMENT OF ANSWER—NOTICE OF TRIAL—NOTE OF ISSUE.
    A provision, in an order extending a defendant's time to answer, that the issue shall be of the original date, does not affect the necessity for giving a new notice of trial and filing a new note of issue, when an amended answer is served after the issue raised by the original answer has been placed on the calendar.

2. PLEADING—ANSWER—REPLY.
    When an answer has been served, containing a counterclaim, the cause is not at issue until a reply has been served, or the time to reply has expired.

3. DESTRUCTION OF ISSUES—STRIKING CASE FROM CALENDER.
    When a case has been placed on the calendar, and an amended answer is afterwards served, the issue originally made being destroyed, the case should be stricken from the calendar.

Appeal from special term.

Action by William N. Coler, Jr., against Hugh Lamb and others. From an order denying defendants' motion to strike the case from the calendar, they appeal.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Albridge C. Smith, for appellants.
Frederick T. Hill, for respondent.

RUMSEY, J.   Before this action was at issue the defendants obtained from the court 20 days' extension of time to answer.   The order giving them that extension prescribed that the issue should be of the original date.   The defendants served an answer, upon which the cause was at issue, and it was regularly put upon the calendar for the March term.   On the 23d day of February, 1897, the defendants served an amended answer, setting up a counterclaim.   The time for the plaintiff to reply to this answer had not yet expired, when, on the 25th of February, the defendants obtained an order to show cause why the cause should not be stricken from the calendar, on which it had been placed when at issue before.   On the 3d day of March this motion was denied, and this appeal was taken from the order denying that motion.   When the amended answer setting up a counterclaim had been served, the plaintiff had 20 days to reply to that counterclaim. Until that reply had been served, or the time to serve it had expired, the case was not at issue.   Until the case was at issue, it could not be put upon the calendar.   As an original proposition, therefore, this case could not have been put upon the calendar until after the reply had been served, or the time to reply had expired.   It was put on the calendar upon the issue framed by the original answer, and was properly there upon that issue; but when that issue was destroyed by the service of a new answer containing a counterclaim, the case was no longer in a condition to be tried, and it ought not to have remained upon the calendar, because it could not be disposed of, for lack of the proper pleadings to raise an issue upon which a trial could be had. Ostrander v. Conkey, 20 Hun, 421.   Before it could be put upon the

calendar after that, it was necessary that a new notice of trial should
be served, and a note of issue filed, which should contain the things
required by section 977 of the Code, some of which could not be stated
until after the last pleading had been served.    The fact that, by the
order extending the time to answer, the date of issue was to be of the
time when the answer was first due, is of no importance.    Even if
that order was in force after the amended answer had been served,
it had nothing to do with the framing of an issue.    It only affected
the place where the case should be upon the calendar, to be indicated
by a statement of the time as of which the issue should be dated.
But although the issue, when framed, was to date as of the time when
the answer was due, there was no issue until the pleading had been
actually served.    For that reason the order appealed from was erro-
neous, and the motion of the defendants to strike the case from the
calendar should have been granted.

The order is reversed, with $10 costs and disbursements, and the
motion granted, with $10 costs.    All concur.