tiff to give the information as to what proof he relied upon to establish the fact of a nonceremonial marriage. Such a marriage can be shown by a course of conduct from which a previous contract can be inferred between the parties; and, where a bill of particulars is required of the manner in which a fact is to be proved, it amounts to requiring a statement of the evidence upon which the party relies to prove his case. A bill of particulars of a general course of conduct indicating a relation between the parties will never be required. Ketcham v. Ketcham, 32 App. Div. 26, 52 N. Y. Supp. 961. The case of Bullock v. Bullock, 85 Hun, 373, 32 N. Y. Supp. 1009, is not in point. A bill of particulars in that case had been denied, and the order denying it was affirmed by the general term. What was said as to the propriety of granting a bill of particulars at other times and under other circumstances than those which were made to appear when the motion was denied was not necessary to the decision of the case. Even if it had been, the authority is not one in favor of the defendant but the contrary; for the opinion of the court expressly says that the defendant would not be entitled to a bill of particulars of cohabitation which was relied upon to prove a marriage. The case of Govin v. De Miranda, 87 Hun, 227, 33 N. Y. Supp. 753, was an action for admeasurement of dower, in which the plaintiff claimed to have been married to the ancestor of the defendants, and to be entitled to dower as his widow. It appeared that the defendants had no information in regard to the marriage, and the court very properly held that they were entitled to a bill of particulars which would enable them to meet the plaintiff's testimony. But that is not this case. To require the plaintiff to furnish such a bill of particulars as was there directed would compel him to give to the defendant all the evidence now in his possession tending to show that she and Aleo were man and wife, and would practically forbid his using any testimony which might otherwise come to his knowledge in his preparation for trial. Such an order would be manifestly unjust.

For these reasons the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

HARNEY v. PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

PLEADING—AMENDMENTS FOR DELAY—MOTION TO STRIKE.

Under Code Civ. Proc. § 542, allowing the amendment of pleading, but providing that the amendment may be stricken out if it is shown to be filed for delay, and the adverse party will thereby lose the term for which the cause is noticed for trial, it is error to strike an amended answer because it will prevent a trial at the term for which it was noticed, where defendant, in answer to plaintiff's motion, offers to try at such term.

Bartlett, J., dissenting.

Appeal from special term.

Action by Antoinetta Harney against the Provident Savings Life Assurance Society of New York and William H. Harney. From an

order striking out the answer of defendant Harney, he appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James E. Chandler, for appellant.
James Stikeman, for respondent.

HATCH, J.    Issue was joined in this action by the service of an answer on the 29th day of March, 1899.    On April 17th following, the plaintiff noticed the cause for trial at the May special term, which notice was received by the defendant's attorney with a verbal notice that it was without prejudice to his right to amend his answer. On the next day, being the 18th, and the last day upon which defendant had the right to amend, he served upon the plaintiff an amended answer.    Thereupon plaintiff moved to strike out such amended answer, upon three grounds:    First, that the pleading was amended for purposes of delay, and that the plaintiff would thereby lose the benefit of the term for which the cause was noticed for trial; second, to strike out the original and amended answers on the ground that the same were irrelevant and sham; and, third, that the plaintiff have judgment on the answers on the ground that they are frivolous.    The court ordered that the amended answer be stricken out, but denied the motion for judgment. It is therefore apparent that the court struck out the amended answer on the first ground stated, and denied relief based upon the other grounds, for, if it had determined that the answers were frivolous, it would have been required to direct judgment in favor of the plaintiff; or, if it had determined that they were sham or irrelevant, they would have been stricken out, and the defendant have been allowed to enter judgment as in the case of default of pleading.    It is evident, therefore, that the only question we are called upon to consider is whether the court was right in holding that the amended answer was served for the purpose of delay, and that its effect would be to cause the plaintiff to lose the opportunity to try his case at the term for which it was noticed.    By section 542 of the Code of Civil Procedure, the defendant had an absolute right to serve his amended pleading at the time when he did, assuming that he so served it without intending to accomplish a delay in the trial of the action, and that the plaintiff would not thereby lose the benefit of the term at which he might try the same.    Cashman v. Reynolds, 123 N. Y. 138, 25 N. E. 162.    In order, therefore, to authorize the striking out of the answer on the ground of delay, it must not only appear that it was served for such purpose, but that its effect would be to prevent a trial at the ensuing term.    Conquest v. Barnes (Sup.) 4 N. Y. Supp. 696.    From the papers it appears that the defendant, in answer to the plaintiff's motion, offered to stipulate to try the cause at the term for which it had been noticed; consequently there was no ground upon which the court was authorized to determine that the plaintiff would lose an opportunity to try her cause at the term for which

it was noticed. The stipulation obviated any such question, and was a complete answer thereto, assuming that the effect of the service of the amended answer was to destroy the right to bring the cause to trial under plaintiff's notice of trial. This being the existing condition, no case was made which authorized the court to strike out the answer as having been served for purposes of delay. As to whether the answers were irrelevant, sham, or frivolous, it is not necessary to determine, nor do we express any opinion or give any intimation thereon. So far as the action of the court below is concerned, it has sustained the answers in these respects, and no appeal has been taken from such determination; consequently no such question is before us. It follows that the order should be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs to abide the event. All concur except BARTLETT, J., dissenting.