## NAYLOR v. LOOMIS.

(Supreme Court, Appellate Division, Second Department. January 16, 1903.)

1. PLEADING—AMENDMENTS.
    Under Code Civ. Proc. § 542, allowing amendments of course "within 20 days after a pleading, or the answer, demurrer or reply thereto is served," a defendant had an absolute right to serve an amended answer within 20 days after the service of the reply, though he had been served with notice of trial, unless the amendment was served for the purpose of delay, or plaintiff would thereby lose the benefit of the term.

2. SAME—STRIKING OUT—BAD FAITH—PROOF.
    Under Code Civ. Proc. § 542, providing that, if it appears to the court that a pleading was amended for the purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, the amended pleading may be stricken out, on the question whether an amended answer was served in good faith it was proper for the court to consider facts relating to a proposition for a compromise containing a threat of defendant to use dilatory tactics if not accepted, though such facts would not have been admissible as evidence on the trial.

Appeal from special term, Putnam county.

Action by Arthur Naylor against Frank W. Loomis. From an order striking out the amended answer, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Brill, for appellant.
Joseph Alfred Greene (Fred E. Ackerman, on the brief), for respondent.

WOODWARD, J. The original complaint in this action was for goods sold and delivered, to which an answer and an amended answer were interposed by the defendant. Subsequently, and on August 6, 1902, the plaintiff served an amended complaint upon two causes of action for work, labor, and services and materials furnished, and for goods sold and delivered. On the 26th day of August, 1902, an answer was interposed. A reply to this answer was served on the 5th day of September by plaintiff's attorney, who at about the same time served a notice of trial for the September trial term, to be held in the county of Putnam. On the 18th day of September the defendant served an amended answer to the amended complaint, setting up a counterclaim in addition to matters of defense and counterclaim previously alleged. The September trial term was set down for the 22d day of September, and plaintiff's attorney procured an order to show cause at that time why the amended answer to the amended complaint should not be stricken out upon the grounds provided in section 542 of the Code of Civil Procedure. Upon the hearing of the motion the order appealed from was made, striking out the amended answer, appeal coming to this court.

By the provisions of the section of the Code of Civil Procedure cited above, the defendant had an absolute right to serve his amended pleading at the time when he did, assuming that he so served it without intending to accomplish a delay in the trial of the action, and that the plaintiff would not thereby lose the benefit of the term at which he might try the same. Harney v. Society, 41 App. Div. 410, 412, 58 N. Y. Supp. 822. But the Code provides that, "if it is made to appear to the court that the pleading was amended for the purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, the amended pleading may be stricken out," etc. We think the facts presented to the learned court justified the conclusion that the amended pleading was not made in good faith, and that it was intended to accomplish delay and loss of privileges to the plaintiff. This is practically conceded by the defendant, but it is urged that the facts thus brought to the attention of the court related to a proposition for a compromise, and that these facts may not properly be taken into consideration upon the motion to strike out. But the provision of the statute is that, "if it is made to appear to the court," etc., and if the facts come to the knowledge of the court which justify the conclusion here reached, it is not material how they are conveyed to the court. It is true, of course, that upon the trial propositions looking to a compromise or settlement cannot be placed in evidence. Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644. But in a mere question of practice, where the element of good faith is lacking on the part of the adverse party, we know of no legal reason why, in the protection of the rights of his client, an attorney might not convey to the court the substance of letters or oral propositions which not only proposed a compromise, but which contained an express or implied threat to use dilatory tactics if the proposition was not accepted.

The order appealed from should be affirmed, with costs. All concur.