order in which they were written.    Probably, in pasting together the papers composing his will and codicils, the testator inadvertently transposed the two leaves of the first codicil.    He saw no harm in this disarrangement, for it was quite a common method with him, and that in fact is the order in which the batch among which are the testamentary papers are physically attached.    He was cautious, however, to note on the margin of the codicil the proper order of the leaves.    We have therefore a codicil duly executed at the end thereof, but subsequently, in arranging his testamentary papers for preservation, the testator accidentally changed the order of the leaves, but made a note of his oversight in order to obviate any confusion· or misapprehension after his death concerning it.    The suggestion that a leaf or two may have been removed from this codicil may be dismissed as unfounded. The attesting witnesses identified the first page, and were explicit in saying that the document only contained one sheet, and the testator so described it in the attestation clause.    It is not conceivable that the testator, familiar as he was with the execution of wills, would deliberately destroy the effect of the instrument either by abstracting a portion or adding to it after execution.    Again, there is evidence in the previous record, which is presented on this appeal, that the testator stated shortly before his death that he had bequeathed his grandchildren Walter and Hazel $500 each, and these legacies comprise the sum of the bequests in the first codicil.    There is abundant evidence to show that the old gentleman preferred his youngest son to his older children. They were away from him, in business, and were well along in life, while John, the youngest son, was at home, and had manifested no especial ability to succeed.    The will of 1894 has been established as the last will of the testator, and the November codicil was found attached to it, which implies it is a codicil to that will.    The context shows the change from the will proved, and these suggestions, in connection with the oral and other proof in vindication of the authenticity of this paper, lead to the conclusion that this was intended as a codicil to the will already admitted to probate.    We think the lack or vagueness of the testimony identifying or establishing these codicils, and which induced the granting of the new trial, has been fully supplied, and the decree of the Surrogate's Court should be affirmed.

Decree of Surrogate's Court affirmed, with costs.    All concur.

(97 App. Div. 532.)

### MUGLIA v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department.    November 11, 1904.)

1. PLEADING—ANSWER—AMENDMENT—NOTICE OF TRIAL—NOTE OF. ISSUE—PREMATURE FILING.

Where plaintiff served a notice of trial, and filed a note of issue 17 days before the original answer was served, and the case was therefore improperly on the calendar, plaintiff was not entitled to have an amended answer stricken, though it changed the issues raised by the original answer filed, defendant having previously agreed, in order to obtain an extension of time to answer, that the issue should be as of the date the summons and complaint were served.

**2. SAME—STIPULATIONS—EFFECT.**

A stipulation entered into as a condition of an extension of time to answer that the issue should be as of the date the summons and complaint were served was effectual only to allow the cause to take its place among the issues of the month for which the notice of issue could properly be filed as of the date when the answer was originally due, and did not authorize the placing of the cause on the trial calendar before it was at issue.

**3. SAME—AMENDMENT.**

Under Code Civ. Proc. § 542, providing that within 20 days after an answer is served, or at any time before the period for answering has expired, the pleading may be once amended by the party of course, without costs, and without prejudice to the proceedings already had, unless it appears that the pleading was amended for the purpose of delay, etc., defendant was entitled to amend its answer once of course within the time specified, in good faith, though it raised issues other than those tendered by the original answer, etc.

Appeal from Special Term, New York County.

Action by Giovanni Muglia, as administrator, etc., against the Erie Railroad Company. From an order striking out defendant's amended answer, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Winfred T. Denison, for appellant
Edward J. Kelly, for respondent.

O'BRIEN, J. The summons and complaint were served on April 26, 1904, and thereafter the defendant obtained an order extending its time to plead 20 days. On April 27, 1904, on the application of the plaintiff, the order granting the extension was amended by providing that the issue be as of the original date, namely, April 26, 1904; and on May 27, 1904, the plaintiff filed his note of issue and served his notice of trial for the June term, 1904. On May 14, 1904, the defendant served its answer, and on May 23, 1904, served its notice of trial for June, 1904, and the cause was duly placed on the June calendar. On the 2d day of June, 1904, the defendant served an amended answer, and the plaintiff then made a motion to strike out the amended answer unless the defendant would stipulate that the date of issue remain as if no amended answer had been served. This motion was granted, and from the order thereupon entered the defendant appeals.

There are two reasons why the order appealed from should not have been granted. The first is that the notice of trial, as stated, was served and the note of issue filed 17 days before the original answer was served. The case, therefore, was improperly upon the calendar; and, were it not that the defendant served a notice of trial for the June term, it could, upon motion, have had the cause stricken from the calendar, and this notwithstanding the fact that by order the court directed that the issue should be of the original date, namely, April 26, 1904. Conquest v. Barnes (Sup.) 4 N. Y. Supp. 496, and Harney v. Provident Savings Society, 41 App. Div. 410, 58 N. Y. Supp. 822, are authorities for the proposition that the

power to strike out an amended answer cannot be exercised if the case is not properly on the calendar.

It is contended that the defendant, in view of the order directing that the issue should be of the original date, was not in a position to oppose the motion to strike out the amended answer. Bearing upon this question we have the cases of Coler v. Lamb, 19 App. Div. 236, 46 N. Y. Supp. 117, and Pritchard v. Nederland Life Ins. Co., 38 App. Div. 109, 56 N. Y. Supp. 636. In the latter case it was said, speaking of a stipulation fixing the date of issue:

"All that the stipulation could do would be to allow the cause to take its place amongst the issues of the month for which the notice of issue could be properly filed as of the date when the answer was originally due. Notice of trial cannot be properly served until the case is at issue, and a note of issue can only be filed for a term at which the case is properly noticed for trial."

The second reason why we think the order appealed from was improperly granted is because under section 542 of the Code of Civil Procedure the defendant was entitled to serve an amended answer as of course, and it is only when it is made to appear to the court that the pleading was amended for the purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the case is or may be noticed, that the amended pleading can be stricken out. We have examined the affidavit presented upon behalf of the defendant, explaining the reason for the amendment, and have also noticed the difference between the issues thereby tendered, compared with those presented by the original answer, and we can see no basis for the conclusion that the amended answer was interposed in bad faith, and merely for purposes of delay. We have no desire to discourage efforts made for the speedy trial of causes, but we think in this case that in the zeal displayed by the plaintiff's attorney, he evinced a disposition to unduly crowd the defendant.

We think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to strike out amended answer should be denied, with $10 costs. All concur.