## ULLMAN et al. v. TANNER.

(Supreme Court, Appellate Division, Fourth Department.   July 7. 1908.)

1. PLEADING—AMENDMENTS—STATUTORY PROVISIONS.
Under Code Civ. Proc. § 542, providing that within 20 days after an answer is served, or at any time before the period for answering has expired, the pleading may be once amended by the party of course, where plaintiff demurred to a defense in a paragraph of an answer, defendant was entitled within the time limited to amend the answer by omitting the objectionable defense.

2. SAME.
The effect of the service of an amended answer within the time limited by statute is to supersede the original answer.

3. APPEAL AND ERROR—EXISTENCE OF REMEDY IN TRIAL COURT.
Where, after a defense in an answer was demurred to, defendant within the time limited by statute, and without intent to delay the cause, served an amended answer omitting the defense demurred to, and judgment overruling the demurrer was entered, plaintiff's remedy, if the judgment was improper, was by motion at Special Term to correct it, and not by appeal.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 25–33.]

Appeal from Special Term, Erie County.
Action by Julius Ullman and another against Allen J. Tanner. From an interlocutory judgment overruling a demurrer, plaintiffs appeal.   Affirmed.
Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.
Eugene M. Bartlett, for appellants.
Bayard J. Stedman, for respondent.

SPRING, J.   The plaintiff demurred to the defense contained in the third paragraph of the defendant's answer on the ground that it failed to state any defense.   The issue of law raised by the demurrer was brought on for argument at a Special Term in the county of Erie, and on that day the defendant served an amended answer, omitting the objectionable defense.   His time to serve the amended answer as of course had not expired, and he was therefore within his rights in serving it.   Code Civ. Proc. § 542; Muglia v. Erie R. R. Co., 97 App. Div. 532, 534, 90 N. Y. Supp. 216.   The effect of the service of this amended answer was to supersede the original answer.   Ostrander v. Conkey, 20 Hun, 421; Wheelock v. Lee, 74 N. Y. 495, 499; Romaine v. Bowdoin et al., 70 Hun, 366, 24 N. Y. Supp. 67; Coler v. Lamb, 19 App. Div. 236, 46 N. Y. Supp. 117; Clifton v. Brown, 27 Hun, 231. The original answer, therefore, then became a dead pleading.   The defendant's counsel presented to the court when the argument of the demurrer was brought on his affidavit showing that he had on that day served the amended answer and that it was served within time. I take it the proper course for the court then would have been to dismiss the demurrer, and probably without costs.   The appellant's counsel insisted on arguing that the demurrer was valid, and that the

service of the answer was not effective, so the court overruled the demurrer, and the judgment appealed from was entered.

There was no claim that the amended answer was for the purpose of delay, and no claim that the plaintiff would by reason thereof lose the benefit of a term. Section 542, Code Civ. Proc. In fact, the elimination of the defense demurred to will be likely to expedite the trial of the case on the merits. Now, the judgment having been entered, if it was improper, I think the remedy was by motion at Special Term to correct it. Peabody v. West, 119 App. Div. 103, 103 N. Y. Supp. 942. Instead of doing this, he preferred to take the chances of an appeal. Inasmuch as he insisted on arguing the demurrer and procuring the entry of the judgment in order that he might appeal, I do not think he is in a situation to complain of the judgment. It was stated on the trial by the respondent's counsel, and assented to by the counsel for the appellant, that the latter procured the decision to be signed by the judge and also entered the judgment himself, and he states in his brief that the interlocutory judgment was prepared and entered by him. This condition of affairs is then presented: The plaintiff's counsel, at his peril (Ostrander v. Conkey, 20 Hun, 422), served the demurrer to the alleged defense set forth in the defendant's answer before the time expired for the latter to amend as of course. After the demurrer had been noticed for trial, but before his time to serve the amended answer had expired, one was served within time. An affidavit of this fact was presented to the court, with the amended answer, on the argument of the demurrer, and still the plaintiff's counsel, without showing that the amended answer had been served for delay, insisted that it was invalid, and that proof of the fact of the service of the amended answer and its presentation to the court were improper, and that the demurrer should be sustained. The court disagreed with him, and the usual interlocutory judgment was entered by the appellant; and, instead of making the motion, he has appealed to this court. I think the only course for us to pursue is to affirm the interlocutory judgment, with costs. The amended answer has been received and accepted by the appellant's counsel, as was stated on the argument, so that apparently both parties were willing to treat the original answer as superseded by the amended answer.

The interlocutory judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.