MAY S. PELZER, as Administratrix, etc., of BERNARD S. PELZER, Deceased, Respondent, *v.* RAYMOND A. PERRY, Appellant.

MAY S. PELZER, as Administratrix, etc., of BERNARD S. PELZER, Deceased, Respondent, *v.* UNITED DREDGING COMPANY, Appellant.

First Department, October 20, 1922.

Trial — order directing cause which had been on trial calendar placed on special preferred calendar reversed — amended answer served after motion for order made — issue destroyed — new notice of trial and note of issue necessary — no authority in court to place cause on calendar for term for which it has not been noticed — rule not obviated by stipulation extending time to answer which provided that issue was to date as if no extension granted nor by Rules of Civil Practice, rule 166 — attorney and client — respondent's briefs stricken from files for impertinent language used therein.

An order directing that a cause be placed on the special calendar as a preferred cause will be reversed where it appears that the cause was on the general calendar for the term but that, after the motion for the order was made, an amended answer was served as of course, for the service of the amended answer destroyed the issue and necessitated a new notice of trial and note of issue and the court has no authority to place a cause on the calendar for a term for which it has not been duly noticed.

The rule is not obviated by a stipulation extending the time to serve the original answer which provides that the issue was to date as if no extension had been granted, as such a stipulation does not insure the issue from being destroyed by a subsequent amendment of the pleadings, nor is it obviated by the enlargement of the powers of the court on granting leave to amend a pleading provided for by rule 166 of the Rules of Civil Practice.

Briefs containing intemperate and impertinent language intended to reflect upon one of the justices stricken from the files and counsel admonished not to repeat the offense.

APPEALS by the respective defendants in the above-entitled actions, Raymond A. Perry and United Dredging Company, from an order of the Supreme Court, made in each action at the New York Trial Term and entered in the office of the clerk of the county of New York on the 12th day of June, 1922, directing that the causes be placed upon the special calendar as preferred causes.

*Davis, Wagner, Heater & Holton* [*Charles R. Coulter* of counsel], for the appellants.

*Neil P. Cullom* of counsel [*Hobart S. Weaver* with him on the brief], for the respondent.

PAGE, J.:

The action is to recover on certain promissory notes. The summonses and complaints were served on April 10, 1922. The defendant's time to answer was extended to May 8, 1922, by stipulation, which also stated " the issue in said action to date as if no extension had been granted." On May 6, 1922, the actions were removed to the United States District Court for the Southern District of New York. A motion was made to remand the causes which came on to be heard May 12, 1922, on which date the defendant served its answers to the complaints. The causes were remanded by orders entered May 20, 1922. On May 22, 1922, the plaintiff served a notice of trial and thereafter filed a note of issue for the June, 1922, term of court. On June 1, 1922, within twenty days after the service of the answers, the defendant served amended answers to the complaints. Motions for a preference of the causes had in the meantime been made returnable June 5, 1922. This motion was denied, but a reargument was had and the motions granted.

It is well settled that the service of an amended pleading, as of right, after the cause has been noticed for trial and the note of issue filed, destroys the issue raised by the original pleadings and creates a new issue, and that plaintiff must serve a new notice of trial and file a new note of this issue; and that there is no authority in the court to direct the cause to be placed on the calendar for a term for which it had not been duly noticed. (*Coler* v. *Lamb,* 19 App. Div. 236; *Haskin* v. *Murray, No. 1,* 29 id. 374; *Murphy* v. *Lyon,* 127 id. 448.) The stipulation did not obviate this rule. It affected the date of issue, which is only important in making up the calendar. Such a stipulation does not insure the issue from being destroyed by a subsequent amendment of pleadings, but insures a preference on the calendar over those cases where issue was joined intermediate the date of the original and the new issue. While the power of the court, on granting leave to

amend a pleading, has been enlarged by the Rules of Civil Practice, rule 166 (*Stehli Silks Corporation* v. *Kleinberg,* 200 App. Div. 16; *Kelly* v. *Hilbert,* Id. 489), yet the rule still obtains which was recognized under section 977 of the Code of Civil Procedure (Rules Civ. Prac. rules 150, 151), that the issue to be tried is the one for which a notice of trial must be served, and until that issue is so noticed no effective note of issue can be filed. We have recently held: " The right to a trial of issues of fact in the regular order is a substantial right of litigants, and the improper preference of one cause over others deprives the litigants of that right by delaying and postponing the trial of their causes. The Code of Civil Procedure and the General and Special Rules of Practice provide for those causes whose early trial is required, that substantial justice may be done. A strict observance of these rules will in the end facilitate the business of the court and insure an equality of treatment of all litigants." (*Davis* v. *Friedman,* 196 App. Div. 926.)

We regret to note that the counsel for the respondent in each of the four briefs which he has filed on the various appeals in this case has adverted to a matter that formed no part of the record on these appeals, and used intemperate and impertinent language, intended to reflect upon one of the justices. Because of this matter being in the briefs, the four briefs will be ordered stricken from the files, and the counsel is admonished that a repetition of the offense will call for more drastic action.

The orders should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.