GEORGE FRANKS, Plaintiff, *v.* BANKERS TRUST COMPANY and Others, Defendants.

Supreme Court, Special Term, Bronx County, January 7, 1937.

*Jacques Buitenkart*, for the plaintiff.

*Guggenheimer & Untermeyer*, for the defendant Bankers Trust Company.

HOFSTADTER, J. This is a motion to strike a case from the Special Term Calendar of this court. The facts are not in dispute. It appears that after issue was joined by the service of the answer

of the moving defendant, the plaintiff served and filed a note of issue setting the cause down for trial in accordance with the provisions of rule 150 of the Rules of Civil Practice. On the same day that the note of issue was served, the plaintiff served a notice of intention to amend his cause of action on the trial. Thereafter within the period allowed by law for the service of an amended answer as of course the defendant served such answer. No new note of issue was filed by the plaintiff and the case is presently on the trial calendar.

The defendant contends that the service of its amended pleading destroyed the issue, and that since no new note of issue has been filed the case is improperly on the calendar. This contention is without merit.

It is true that prior to 1935 the service of an amended pleading as of course destroyed the issue to an extent that a new notice of trial had to be served, and a new note of issue filed. (*Pelzer* v. *Perry*, 203 App. Div. 58; *Murphy* v. *Lyon*, 127 id. 448.)

However, in 1935, rule 151 was rescinded and rule 150 was amended (in addition to other changes not here pertinent) to permit the filing of a note of issue " at any time after issue is first joined." The only new matter in this connection was the inclusion of the word " first."

The reason for this change is set forth in the Second Report of the Judicial Council (Legis. Doc. 1936, No. 48), at page 16: " Old Rules 150 and 151 were rescinded and a new Rule 150 adopted. As stated in the Council's First Report, the amended Rule conforms to the statutory changes enacted by the 1934 Legislature dispensing with the notice of trial. It also permits a case to be placed upon the calendar when issue is first joined instead of after the time for making amendments as of course has elapsed, thus decreasing the time for placing cases on the calendar by at least twenty days."

The conclusion is compelling from the new language of the rule that it was intended to eliminate the necessity for the filing of a new note of issue after the service of an amended pleading as of course. The addition of the word " first " to the language used in the former enactment would otherwise have no significance whatsoever. It would be an idle gesture to permit the note of issue to be filed after the service of the original answer, if any subsequent amendment would destroy the issue. The amendment effects what must be considered a desirable change in the existing practice and the court should not adopt a strained construction and thereby defeat the salutary tendency to simplify trial procedure and to do away with ancient and archaic practices which serve no useful purpose.

The motion is accordingly denied.