HELEN A. SHOFF, Plaintiff, *v.* ARTHUR L. TAYLOR and ANTHONY RYAN and Others, Doing Business as A. F. RYAN AND SONS, Defendants.

Supreme Court, Oneida County, April 8, 1937.

*William H. Hampton*, for the plaintiffs.

*Miller, Hubbell & Evans*, for the defendants Ryan.

*Reeder & Reeder*, for the defendant Taylor.

DOWLING, J.   Under section 96 of the Judiciary Law the Appellate Division of the Fourth Department fixed the date and place

for holding Trial Terms in the county of Oneida, Fifth Judicial District, for the year 1937 in part as follows: January 4, 1937, Utica, N. Y., continued in February, 1937, at Utica, N. Y. March 1, 1937, Utica, N. Y., continued in April, 1937, at Utica, N. Y. May 3, 1937 at Utica, N. Y., continued in June at Utica and September, 1937, at Rome, N. Y.

In Oneida county where a term is continued from one month to another the clerk prepares and prints a court calendar for two or three months as the case may be. (Judiciary Law, § 154.)

On March 15, 1937, plaintiffs' attorney served notes of issue in the above actions on Miller, Hubbell & Evans, attorneys for the defendants Ryan. On March 17, 1937, he filed said notes of issue in Oneida county clerk's office with proof of service thereof on Miller, Hubbell & Evans. Said notes of issue were as follows:

" (Titles) W. H. Hampton attorney for plaintiff, Utica, N. Y., Miller, Hubbell & Evans attorneys for defendants Ryan, Utica, N. Y. Reeder & Reeder attorneys for defendant Taylor, Syracuse, N. Y. The last pleading was served February 20th, 1937. Action triable by Jury. Trial desired at term of Court commencing May 3rd, 1937.

" The specific nature and object of the action is negligence.

" The Clerk of Oneida County will please file this Note of Issue for the Trial Term of this Court to be held May 3rd, 1937.

" Dated March 13th, 1937.

" W. H. HAMPTON,
"*Attorney for plaintiffs.*"

Whether or not plaintiffs served notes of issue on the attorneys for defendant Taylor does not appear. Defendant Taylor filed no notes of issue for either the April or May sessions.

On March 18, 1937, Miller, Hubbell & Evans, attorneys for the defendants Ryan, served notes of issue in each of the above actions on the attorneys for plaintiffs and defendant Taylor. The notes of issue were as follows:

" (Titles) W. H. Hampton attorney for plaintiff, Utica, N. Y.

" Miller, Hubbell & Evans attorneys for defendants Ryan, Utica, N. Y., Reeder & Reeder attorneys for defendant Taylor, Syracuse, N. Y.

" The last pleading was served Feb. 20, 1937. Action triable by jury. Trial desired at term of Court commencing April 5, 1937. The specific nature and object of the action is negligence. The Clerk of Oneida County will please file this Note of Issue for the Trial Term of this Court to be held April 5, 1937.

" Dated March 18, 1937.

" MILLER, HUBBELL & EVANS,
" *Attorneys for defendants Ryan.*"

On March 22, 1937, Miller, Hubbell & Evans filed said notes of issue, with proof of service thereof on the attorneys for plaintiffs and defendant Taylor, with the clerk of the county of Oneida.

The county clerk prepared and printed a calendar of causes for the Trial Term commencing March 1, 1937. Upon receipt of the notes of issue filed by Miller, Hubbell & Evans on March 22, 1937, the clerk added the above causes at the foot of said calendar.

On the opening of court April 5, 1937, plaintiffs' attorney moved to strike the above causes from the calendar " on the grounds that they were improperly placed thereon, that the term fixed by the Appellate Division covered March and April, 1937, that the April session is in no sense an adjourned term within the meaning of Rule 150 of the Rules of Civil Practice, that said causes are not triable at said April session." Motion was opposed by counsel for the defendants Ryan.

Section 96 of the Judiciary Law provides: " Rules appointing terms must be signed and filed. The rules made by the justices of an Appellate Division for fixing the times and places for holding Special and Trial Terms, and for assigning the justices for holding Special and Trial Terms, must be signed by the justices making them, and immediately filed in the office of the Secretary of State; and a duplicate thereof must also be filed in the office of the clerk of such Appellate Division."

Section 83 of the Judiciary Law, as amended by chapter 390 of the Laws of 1922, and chapter 624 of the Laws of 1935, in effect April 30, 1935, provides: " Power of Appellate Division as to calendars and administration of justice. The Appellate Division of each department may provide by rule for the manner of making up calendars in each county embraced within the department; for the classification, for the purposes of trial, of actions placed upon such calendars and for the making up of two or more calendars within such classification; for the continuance on such calendars, from term to term, of actions for which notes of issue have been once served and filed, without a second or further serving and filing thereof; and also from time to time may provide rules as it may deem necessary generally to promote the efficient transaction of business and the orderly administration of justice therein."

Section 82 of the Judiciary Law, as amended by chapter 172 of the Laws of 1924, in effect April 17, 1924, provides: " Rules of practice. A majority of the justices of the Appellate Division in the four departments, by joint order of the four presiding justices or justices presiding, shall have the power, from time to time, to adopt, amend or rescind any rule of civil practice, not incon-

sistent with any statute; and a majority of the justices of the Appellate Division in each department, by order of such majority, shall have power, from time to time, to adopt, amend or rescind any special rule for such department not inconsistent with any statute or rule of civil practice."

By virtue of the powers vested in them, the presiding justices of the Appellate Divisions of the State of New York duly amended paragraph 1 of rule 150 of the Rules of Civil Practice to provide as follows:

" Rule 150. Note of issue. At any time after issue is first joined, or subsequent to forty days after service of a summons initiating the action shall have been completed irrespective of joinder of issue, and at least twelve days before the commencement of any term, or the opening of an adjourned term, any party may file a note of issue with the clerk, stating the title of the action, the names and addresses of the attorneys, the time when the then last pleading was served, whether the action is triable by a jury or by the court without a jury, the term at which a trial of the action is desired, the specific nature and object of the action, and, if such cause be entitled to a preference under sections 138 or 139 of the Civil Practice Act, demand therefor. The clerk shall thereupon enter the cause upon the calendar as of the date of the filing of the note of issue. (Am'd. and effective Sept. 1, 1936, adding second clause of first sentence, leaving rest of Rule unchanged.) "

Rule 150 further provides: " The party filing the note of issue shall therewith file proof that a copy of the note of issue has been duly served upon the attorney for each party who has appeared in the action. Such note of issue shall take the place of the former notice of trial and no other or further notice of the trial of the action shall be necessary.

" No new or further note of issue shall be necessary for any subsequent or adjourned term."

Issue in these actions was joined February 20, 1937. Rule 150 provides that " At any time after issue is *first* joined  *  *  * any party may file a note of issue with the clerk (with proof of service)  *  *  *. The clerk shall thereupon enter the cause upon the calendar as of the date of the filing of the note of issue." (Italics ours.)

The 1936 report of the Judicial Council of the State of New York, subdivision 8, page 16, has this to say of rule 150: " It also permits a case to be placed upon the calendar when issue is first joined instead of after the time for making amendments as of course has elapsed, thus decreasing the time for placing cases on the calendar by at least twenty days."

It was the duty of the clerk under rule 150 to add these causes to the general calendar for the session of the court opening April 5, 1937. The notes of issue filed by plaintiffs for the term opening May 3, 1937, may be disregarded as surplusage.

The March session " of March continued in April " term was adjourned on the 16th day of March, 1937, to ten A. M. April 5, 1937, at Utica, N. Y., and the clerk made an entry accordingly in his minutes. Is the April session " of the March continued in April " term an adjourned term as that expression is used in rule 150? Section 7 of the Judiciary Law provides: " Any term of a court of record may be adjourned from day to day, or to a specified future day, by an entry in the minutes." In *Matter of Reynolds* v. *Cropsey* (241 N. Y. 389) the court said (at pp. 393, 394):

" The facts presented, therefore, are these: On November 5, 1924, the justice presiding at the extraordinary term directs that the term be continued until he orders otherwise. No definite day is set; it is left entirely to his discretion; it may continue indefinitely for months or years. What is this but an adjournment or a continuance of the term without a day; for an indefinite time?

" This direction means that the term is ' continued.' The remaining words ' until the further order of the court ' add nothing to it. The Deputy Attorney-General realizing the force of the word ' adjourned ' and that according to law a term of court which is ' adjourned ' without day generally ends the term, insists that there is a distinction between ' continued ' and ' adjourned.' In the sense in which they are used in this connection they mean one and the same thing and have like effect. The Oxford Dictionary giving the meaning of ' continue ' used as a law term, says it signifies ' to adjourn, prorogue, put off,' and Bouvier's Law Dictionary defines a ' continuance ' as an adjournment of a cause to another day or a subsequent time. When, therefore, this extraordinary term was ' continued ' without day; that is, indefinitely, it was ' adjourned ' without day and thus came to an end."

Rule 150 contemplates the speedy disposition of causes. It should be liberally construed with that thought in mind. The expression, " continued in April " in the order of the Appellate Division fixing " the March continued in April " term is a direction to the justice holding the March session to adjourn the court to April.

In commenting upon rule 150, Mr. Justice HOFSTADTER, in *Franks* v. *Bankers Trust Co.* (161 Misc. 724) said (at p. 725): " The amendment effects what must be considered a desirable change in the existing practice and the court should not adopt a strained

construction and thereby defeat the salutary tendency to simplify trial procedure and to do away with ancient and archaic practices which serve no useful purpose."

The April session of " the March continued in April " term is an adjourned term at which the above causes may properly be tried.

Motion in each case to strike from the calendar on the grounds stated is denied. Enter orders accordingly.